J-S56017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WANDALY PEREZ-HOOD, | |
| Appellant | No. 139 MDA 2016 |

Appeal from the PCRA Order Entered January 7, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division, at No(s): CP-35-CR-0001695-2006

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY PANELLA, J.                **FILED AUGUST 19, 2016**

Wandaly Perez-Hood ("Appellant") appeals *pro se* from the order denying, without a hearing, her first petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On August 20, 2010, a jury convicted Appellant of first-degree murder, stemming from her killing her three and one-half year old stepson. Three days later, the trial court imposed a life sentence. Following the denial of her post-sentence motion, Appellant filed a timely appeal to this Court. In an unpublished memorandum filed on February 23, 2013, we affirmed Appellant's judgment of sentence, and on August 21, 2012, our Supreme Court denied her petition for allowance of appeal. ***See Commonwealth v.***

*Former Justice specially assigned to the Superior Court.

*Perez-Hood*, 46 A.3d 876 (Pa. Super. 2012), *appeal denied*, 50 A.3d 125 (Pa. 2012).

Appellant filed a timely *pro se* PCRA petition, as well as an amended petition. The PCRA court appointed counsel. Appointed counsel later filed a "no-merit" letter and petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted PCRA counsel's petition to withdraw. The PCRA court also issued notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not file a response. Instead, Appellant filed a premature appeal to this Court, which was perfected once the PCRA court entered its order denying Appellant's PCRA petition.[1] *See* Pa.R.A.P. 905(a)(5) (providing that a notice of appeal filed after the issuance of a Pa.R.A.P. 907 notice but before the entry of an appealable order shall be treated as filed after such entry). This timely appeal follows. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.[2]

Appellant raises the following issues in her *pro se* brief:

---

[1] The Commonwealth filed a notice to quash the appeal based on the premature filing of the notice of appeal. We deny this motion.

[2] In a March 30, 2016 letter to this Court, the PCRA court states that it adopts PCRA counsel's *Turner*/*Finley* letter for Pa.R.A.P. 1925(a) purposes. We do not condone this practice. *See Commonwealth v. Glover*, 738 A.2d 460, 461 (Pa. Super. 1999). Nevertheless, in this instance, we decline to remand for the preparation of a Rule 1925(a) opinion.

I[.] Whether the [Commonwealth] failed to meet its burden of proof, and whether the [Commonwealth] medical doctors whose testimony was erroneous, deceptive, prejudicial and contributed to a miscarriage of justice?

II[.] Whether all counsel were constitutionally ineffective?

Appellant's Brief at i (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. **See Commonwealth v. Jordan**, 772 A.2d 1011, 1104 (Pa. Super. 2001).

To be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. § 9543(a)(2), and that the issues she raises have not been, among others, previously litigated. **See Commonwealth v. Carpenter**, 725 A.2d 154, 160 (Pa. 1999). An issue has been previously litigated if the highest appellate court in which the petitioner could have had review as a

matter of right has ruled on the merits of the issue. ***See id***. ***See also*** 42 Pa.C.S.A. § 9544(a).

Appellant attacks the sufficiency of the evidence the Commonwealth presented to prove its case. We rejected such a challenge in affirming her judgment of sentence on direct appeal. ***See Perez-Hood***, ***supra***. Thus, a challenge to the sufficiency of the evidence supporting her murder conviction has been previously litigated.

In addressing Appellant's second claim that all prior counsel were constitutionally ineffective, we apply the following principles. Counsel is presumed to be effective, and Appellant has the burden of proving otherwise. ***See Commonwealth v. Pond***, 846 A.2d 699, 708 (Pa. Super. 2004).

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326, 333 (1999). Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Id***. The petitioner bears the burden of proving all three prongs of the test. ***Commonwealth v. Meadows***, 567 Pa. 344, 787 A.2d 312, 319-20 (2001).

***Commonwealth v. Johnson***, 868 A.2d 1278, 1281 (Pa. Super. 2005). In assessing a claim of ineffectiveness, when it is clear that appellant has failed

to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. ***See Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***See Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

A PCRA petitioner claiming he or she received the ineffective assistance of counsel must allege sufficient facts from which a court can determine counsel's effectiveness. ***See*** Pa.R.Crim.P. 902(A)(12); ***Commonwealth v. Pettus***, 424 A.2d 1332 (Pa. 1981) (stating that a defendant may not argue ineffectiveness in vacuum).

Here, Appellant asserts—without further discussion—that "[t]rial and appellate counsel were (layered) ineffective as there was no rational trial strategy to not challenge the incompetent testimony of the government's witnesses awing the jury with big medical terms to overwhelm the obvious inability of the witnesses to form a reliable opinion to a medical certainty based on the scientific bases of the medical profession." Appellant's Brief at 9.

Ineffectiveness claims are not self-proving. Because Appellant does not develop her ineffectiveness claims, we need not discuss them further. To the extent we read Appellant's claim to be that prior counsel was ineffective for failing to object to and/or preserve on appeal her allegations

regarding the testimony from the Commonwealth's experts and their conclusions, we note that the mere fact that Appellant now poses new theories to attack the sufficiency of the evidence supporting her murder conviction do not entitle her to relief. *See Commonwealth v. Wharton*, 811 A.2d 978, 984 (Pa. 2002) (explaining that a PCRA petitioner cannot obtain additional review of previously litigated claims by presenting new theories of relief including allegations of ineffectiveness). Moreover, our review of the record establishes that these claims lack arguable merit. A review of the record demonstrates that trial counsel not only challenged the Commonwealth's experts through effective cross-examination, but also called a defense expert who disagreed with their conclusions as to when the fatal injuries were inflicted on the victim. Thus, Appellant's ineffectiveness claims fail.

Order affirmed. Motion to quash appeal denied.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2016