COMMONWEALTH of Pennsylvania,
Appellee,

v.

William GLOVER, Appellant.

Superior Court of Pennsylvania.

Submitted March 22, 1999.
Filed Aug. 4, 1999.

William Glover, Pro Se, appellant.

Catherine Marshall, Assistant District Attorney, Philadelphia, for Com., appellee.

Before JOHNSON, J., CERCONE, President Judge Emeritus, and OLSZEWSKI, J.

CERCONE, President Judge Emeritus:

¶ 1 This is an appeal *pro se* from an order denying a request for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. We vacate the order of the PCRA Court and remand for further proceedings.

¶ 2 A jury convicted Appellant, William Glover, of first degree murder in 1982. The Trial Court sentenced Appellant to life imprisonment. This Court affirmed on direct appeal. *Commonwealth v. Glover,* 340 Pa.Super. 619, 490 A.2d 11 (1985). Appellant subsequently launched a collateral attack pursuant to the former Post Conviction Hearing Act (PCHA), 42 Pa. C.S.A. §§ 9541–9551 (Purdon 1982), repealed and substantially modified by the PCRA, *supra.* This Court found that trial counsel was ineffective for failing to call character witnesses and remanded for a new trial. *Commonwealth v. Glover,* 422 Pa.Super. 543, 619 A.2d 1357 (1993). The Supreme Court denied allowance of appeal on July 26, 1993. *See* Order filed 7/26/93 at No. 116 E.D. Allocatur Docket 1993.

¶ 3 Appellant was retried in 1994 before the Honorable Paul Ribner, sitting with a jury. The jury convicted Appellant of first degree murder and the Trial Judge sentenced Appellant to life imprisonment. Represented by trial counsel, Appellant pursued a timely appeal from the judgment of sentence. This Court affirmed on direct appeal and on September 9, 1996, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Glover,* 451 Pa.Super. 573, 677 A.2d 1264 (1996), *ap-*

*peal denied,* 546 Pa. 638, 683 A.2d 878 (1996).

¶ 4 Appellant filed a timely *pro se* petition on February 19, 1997 seeking collateral relief. The PCRA Court appointed new counsel to represent Appellant. On February 4, 1998, PCRA counsel submitted a "no-merit" letter and a request to withdraw pursuant to the mandate of *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988).[1] Appellant filed two separate responses to the "no-merit" letter. However, the PCRA Court agreed with the position taken by counsel, and dismissed Appellant's petition without a hearing via order filed March 13, 1998. Three days later, on March 16th, the PCRA court permitted appointed counsel to withdraw. Appellant filed a timely notice of appeal on March 2, 1998.

¶ 5 This timely *pro se* appeal identifies for our consideration three separate issues, two of which comprise sixteen sub-parts:

I. Whether trial and appellate counsel failed to render constitutionally effective assistance, infecting the entire trial so that the resulting conviction and direct appeal was violative of petitioner's right to effective assistance of counsel and due process of law under the federal and state constitutions, denying petitioner a fair trial and meaningful appellate review for the following reasons:

a) trial counsel failed to render effective assistance of counsel, in that trial counsel failed to conduct an adequate factual and legal pre-trial investigation of defendant's mental disorder documented in psychiatric and medical reports in defense counsel's possession before trial.

b) trial counsel failed to interview Army and VA doctors who prepared

---

1. Although *Turner* and *Finley* were decided under the PCHA, the procedures established therein which govern withdrawal of counsel on collateral attack also apply to the PCRA.

*See Commonwealth v. Bond,* 428 Pa.Super. 344, 630 A.2d 1281, 1283 n. 2 (1993), *appeal denied,* 517 Pa. 603, 536 A.2d 1328 (1987).

the psychiatric and medical reports of defendant.

c) trial counsel failed to confer with defendant and elicit facts relevant to a defense of diminished capacity or to ascertain that certain defenses were unavailable in preparing defendant's case.

d) trial counsel failed to notify the trial court of defendant's mental disorders at the time of defendant's first and second trials.

e) trial counsel failed to object to and preserve for appellate review, the prosecutor's knowing use of perjured testimony to obtain conviction.

f) trial counsel failed to subpoena Det. Minges and P/O Leahy to discredit the [C]ommonwealth's evidence that [a] witness heard decedent say "[R]ifle did it."

g) trial counsel failed to argue an abuse of discretion and object or request a mistrial when the trial court denied defense counsel from reading from the transcripts of defendant's first [trial] but permitted the prosecutor to read from the transcripts of defendant's first trial.

II. Whether the PCRA court erred in denying defendant post conviction relief without holding an evidentiary [hearing] on defendant's post conviction claims of trial counsel's ineffectiveness where the PCRA court had in its possession before denying post conviction relief numerous psychiatric and medical reports from Army and VA doctors documenting defendant's mental disorders and [names] and addresses of witnesses who are willing to testify to defendant's mental state prior to his induction into the Viet Nam War and after his medical discharge from the Armed Services due to his abnormal deranged mental condition, and where defendant raised claims of ineffective assistance of all prior counsel including appointed post conviction counsel.

III. Whether post conviction counsel's pretexted [sic] tendered defense and perfunctory performance summarized in the following derelictions of duty and breach of professional responsibility to the [lawyer]/client relation, rendered his representation below ineffective assistance of counsel, forfeiting and depriving defendant of his right to a constitutional [and] meaningful review under the post conviction relief act:

a) post conviction counsel failed to make any kind of arrangements or attempt to interview the defendant and discuss the case with him relating to claims of trial and appellate counsel's ineffectiveness.

b) post conviction counsel failed to investigate defendant's psychiatric and medical reports in post conviction counsel's possession or conduct an interview with Army and VA hospital doctors who prepared said psychiatric and medical reports, [before] improvidently filing "Finley" letter.

c) post conviction counsel failed to amend or supplement defendant's pro se petition, to raise claims of all prior counsel's ineffectiveness for failing to explore with defendant all possible factual and legal defenses available to defendant before preparing defense and trial [strategy], and failing to present a defense of diminished capacity or insanity.

d) post conviction counsel failed to amend or supplement defendant's pro se petition for post conviction relief, and raise claims of ineffectiveness against all prior counsel for waiving all of the foregoing claims of trial and appellate counsel's ineffectiveness, [thereby] depriving defendant of meaningful appellate review on direct appeal.

e) post conviction counsel failed to amend or supplement defendant's pro se petition for post conviction relief

and raise claims of ineffectiveness against trial and appellate counsel for failing to raise a claim of prosecutorial misconduct when the prosecutor intentionally misstated the evidence and elicited perjured testimony from [a Commonwealth] witness, waiving the issue and depriving defendant [of] meaningful appellate review on direct appeal.

f) post conviction counsel failed to amend or supplement defendant's pro se petition for post conviction relief and raise claims of ineffectiveness against trial and appellate counsel for failing to subpoena Det. Minges and P/O Leahy, whose testimony would have discredited the [Commonwealth's] evidence that [a] witness heard the decedent say "Rifle did it," waiving the issue and depriving defendant [of] meaningful appellate review on direct appeal.

g) post conviction counsel failed to amend or supplement defendant's pro se petition for post conviction relief, and raise an ineffective assistance of trial counsel [claim] for failing to file post sentence motions, and against appellate counsel for waiving the issue, [depriving] defendant [of] meaningful appellate review on direct appeal.

h) post conviction counsel failed to give defendant's case the kind of attention that a murder trial warranted and where his low level of representation in filing a "Finley" letter was a farce and a mockery demonstrating a lack of adequate representation, when at least some of defendant's issues, if not all of them relating to trial counsel's ineffectiveness had arguable merit warranting an evidentiary hearing to determine if trial counsel had some reasonable basis for his omissions and inaction that so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place.

i) post conviction counsel failed to render adequate representation when he improperly and unfairly stated that defendant's pro se post conviction claims were waived or previously litigated, and by failing to adequately or truthfully explain why defendant's claim of trial counsel's ineffectiveness for failing to present a diminished capacity defense did not have arguable merit, without citing any authority to support his view.

Appellant's Brief at i-iv. Because we find that PCRA counsel did not comply with the procedural requirements of the *Turner/Finley* mandate, we decline to address specifically each of Appellant's contentions. Upon remand, new PCRA counsel may determine that it is more appropriate to file an amended petition and an advocate's brief with the PCRA Court. This would render moot any consideration we might give to the issues Appellant has raised pursuant to counsel's original "no-merit" letter.

¶ 6 When examining a post-conviction court's grant or denial of relief, we are limited to determining whether that court's findings were supported by the record and whether the court's order is otherwise free of legal error. *Commonwealth v. Stark*, 442 Pa.Super. 127, 658 A.2d 816, 818 (1995). We accord great deference to the post-conviction court's factual findings unless they have no support in the certified record. *Commonwealth v. Granberry*, 434 Pa.Super. 524, 644 A.2d 204, 207 (1994). We note that counsel may withdraw at any stage of collateral proceedings if, in the exercise of his or her professional judgment, counsel determines that the issues raised in those proceedings are meritless and if the post-conviction court concurs with counsel's assessment. *Commonwealth v. Bishop*, 435 Pa.Super. 211, 645 A.2d 274, 275 (1994). The post-conviction petitioner then may proceed *pro se*, by privately retained counsel, or not at all. *Id.*

¶ 7 In *Turner*, our Supreme Court endorsed an independent review by the PCRA Court as an appropriate follow-up to counsel's "no-merit" letter filed at that level. *Commonwealth v. Mosteller*, 430 Pa.Super. 57, 633 A.2d 615, 617 (1993).

> The independent review necessary to secure a withdrawal request by counsel requires proof that:
>
> 1. PCRA counsel, in a "no-merit" letter, has detailed the nature and the extent of his review;
> 2. PCRA counsel, in the "no-merit" letter, lists each issue the petitioner wishes to have reviewed;
> 3. PCRA counsel must explain, in the "no-merit" letter, why petitioner's issues are meritless;
> 4. The PCRA court must conduct its own independent review of the record; and
> 5. The PCRA court must agree with counsel that the petition is meritless.

*Id.* at 617. *Accord Bishop*, 645 A.2d at 275–276 (before a request to withdraw may be granted, counsel must file a "no-merit" letter detailing nature and extent of his review, listing each issue which the petitioner wished to raise, and including explanation as to why those issues lack merit; PCRA Court then conducts an independent judicial determination that the various issues support no grant of relief). The PCRA Court's decision is then subject to appellate scrutiny to assure that these constraints have been followed. *Mosteller*, 633 A.2d at 617.

■ ¶ 8 Appellant contends, *inter alia*, that the PCRA Court erred in accepting PCRA counsel's "no-merit" letter. Appellant predicates this argument on the grounds that PCRA counsel failed to investigate, raise, and address all of the issues presented in the *pro se* PCRA petition. Our independent review of the certified record has convinced us that this is an accurate assessment of PCRA counsel's performance, and an apt complaint against the PCRA Court's handling of the matter. We are therefore constrained to vacate the PCRA Court's order and remand so that the PCRA Court may appoint new counsel.

¶ 9 The purported "no-merit" letter filed in this case does satisfy the first prong of the *Turner* standard. Counsel has explained the nature and extent of the review conducted in the case. *See* "No Merit" Letter Filed, 2/4/98, at 1. However, *Turner* also requires counsel to **list each issue** which Appellant wanted the PCRA Court to review. *Mosteller*, 633 A.2d at 617. Furthermore, counsel was required to explain why **each issue** identified by Appellant must be deemed meritless. Counsel has not satisfied these two requirements under *Turner*.

■ ¶ 10 Appellant's *pro se* PCRA petition contains a list of claims comprising slightly over twelve double-spaced pages. Counsel's purported "no-merit" letter does not separately list each claim, nor does it explain why counsel considers each issue to be "frivolous" within the meaning of *Turner* and *Finley*. Instead, counsel provided seven sentences addressing, in an extremely cursory manner, a few of the issues identified by Appellant's *pro se* petition. *See* "No Merit" Letter Filed, 2/4/98, at 4–5. This is an insufficient effort that does not comply with either the letter or the spirit of our Supreme Court's decision in *Turner*. As *Mosteller*, *supra* clearly explains, it is up to PCRA counsel to identify **each** issue Appellant wishes to raise, and to explain whether that specific claim has been previously litigated,[2] whether it is

---

2. On the occasion of Appellant's direct appeal, this Court considered two claims: (1) whether the trial court erred in denying a mistrial on the basis of the Commonwealth's failure to present evidence concerning a dying declaration mentioned in the prosecutor's opening statement; and (2) whether the trial court improperly refused to give a jury instruction that the identification testimony of Commonwealth witness Delores Gay should be received with caution. As previously noted, this Court rejected both claims, and affirmed the judgment of sentence. Therefore, arguments related to these issues must be

waived for failure to raise it on direct appeal, or whether it is frivolous for some other reason. *Mosteller*, 633 A.2d at 617.

¶ 11 The PCRA petition underlying this appeal is Appellant's first opportunity to challenge the effectiveness of trial counsel since the same attorney represented Appellant at trial and on direct appeal. Although we make no determination as to the merits of the contentions thereby advanced, we take note of several points raised in Appellant's PCRA petition. Appellant averred that he is an innocent individual wrongfully convicted as a result of prior counsel's ineffective performance at trial. *See* PCRA petition at 5. Appellant attached a copy of a purported mental health evaluation to his *pro se* petition in support of certain of his claims. On appeal, Appellant presented the ineffectiveness claims in the form of "nested" or "layered" allegations that all counsel who have represented him have provided a constitutionally inadequate performance which so impacted the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We reiterate that we make no determination as to the validity of Appellant's assertions. However, we are cognizant of Appellant's attempts to satisfy the procedural hurdles posed by the provisions of the Post Conviction Relief Act.

¶ 12 Pennsylvania courts have recognized expressly that every post-conviction litigant is entitled by statutory and case law to have at least one meaningful opportunity to have issues reviewed in the context of a collateral attack. *Commonwealth v. Hampton*, 718 A.2d 1250, 1252 (Pa.Super.1998).

This Court has admonished, accordingly, that the point in time at which a trial court may determine that a PCRA petitioner's claims are frivolous or meritless is after the petitioner has had a full and

deemed "previously litigated" for purposes of the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(3).

**3.** If counsel determines that a "no-merit letter" is the appropriate response, we strongly

fair opportunity to present those claims. Our [S]upreme [C]ourt has recognized that such an opportunity is best assured where the petitioner is provided representation by competent counsel whose ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention.

\* \* \*

[This rule has not been] limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his [or her] representation. Once appointment has been made, counsel may seek to withdraw, after a thorough review of the record has been made, where non-frivolous issues justifying the pursuit of post-conviction collateral relief are lacking. Counsel may not, however, accept appointment, thereby engendering the reliance of both his client and the court, without undertaking of record either to advance his client's claims or certify their lack of merit.

*Id.* at 1252–1253 (quotations and citations omitted).

¶ 13 Our review of the record in this case reveals that PCRA counsel's purported "no-merit" letter fails to comply with the Supreme Court's mandate in *Commonwealth v. Turner* as elucidated by this court in *Commonwealth v. Finley*, and *Commonwealth v. Mosteller*, *supra*. Accordingly, we vacate the PCRA Court's order of March 13, 1998, denying collateral relief, and we direct the PCRA Court to appoint new counsel. New counsel must either file an amended PCRA petition and an advocate's brief with the PCRA Court, or a proper "no-merit letter" which addresses all of Appellant's claims.[3] If the

suggest that counsel adopt a numbering system similar to that employed by the *pro se* PCRA petition. This will not only facilitate review by the courts, it will assist counsel in

PCRA Court subsequently denies relief, the PCRA Judge should then file an opinion which addresses in a substantive manner, and in full, all of the claims raised in counsel's filing.

██ ¶ 14 Our standard of review over PCRA matters requires us to give great deference to the PCRA Court's findings. *Commonwealth v. Stark*, 658 A.2d at 818. Moreover, our duty as an error correcting court is to determine if the PCRA Court's decision is legally correct and fully supported by the certified record. *See, e.g., Commonwealth v. Neal*, 713 A.2d 657, 660 (Pa.Super.1998) ("When examining a post-conviction court's denial of relief, our scope of review is limited to a determination of whether the court's findings are supported by the record and are otherwise free of legal error.") Unfortunately, if a PCRA Judge fails to explain the nature and grounds for his or her conclusions, we are left to speculate as to the basis for the PCRA Court's decision. When, as in the present case, the PCRA Judge affirms by adopting counsel's "no merit" letter, the certified record fails to demonstrate that the PCRA Court has conducted a meaningful independent review of the issues as required under *Turner, supra.*

¶ 15 The Pennsylvania Supreme Court recently condemned the wholesale adoption a party's brief in lieu of filing a PCRA opinion on the grounds that the independent role of the judiciary is not properly served absent some autonomous judicial expression of the reasons for dismissing the PCRA petition. *Commonwealth v. [Roy] Williams*, 557 Pa. 207, 732 A.2d 1167, 1176 (1999). Writing separately, Justice Castille commented adversely on the PCRA Court's failure to file a complete opinion explaining the rationale behind its decision:

> The PCRA court's failure to draft an opinion addressing the claims [of the petitioner] constitutes an abdication of the trial court's duty which cannot be

condoned. While the PCRA court undoubtedly intended only to conserve its judicial energies, this manner of conservation is inappropriate....

> The obvious purpose of Pa.R.A.P. 1925(a) is to facilitate appellate review of a particular trial court order. Additionally, however, the rule fulfills an important policy consideration by providing to disputing parties, as well as to the public at large, the legal basis for a judicial decision. The trial court's adoption of one party's advocacy brief, in lieu of an independent judicial opinion, deprives the parties and the public of the independent reasoning of the court. This is especially true for the public because the briefs themselves are normally not as accessible as a judicial opinion may be.

*Id.* (Concurring Opinion by Castille, J.), concurring opinion at 1192. We find ourselves in complete agreement with the position taken by Justice Castille.

¶ 16 The Appellant in the present case is serving a life sentence without possibility of parole pursuant to a first degree murder conviction. In light of this fact, and in consideration our Supreme Court's strictures on the practice of adopting party briefs in their entirety, it would be wholly inappropriate for the PCRA Judge to leave this Court in the position of speculating on the basis for his ruling. We therefore direct the PCRA Court to write a full opinion in support of its order if the ultimate decision is to deny relief to Appellant.

¶ 17 The order of March 13, 1998 is vacated. Case remanded for further proceedings consistent with this opinion. Superior Court jurisdiction relinquished.

¶ 18 JOHNSON, J., concurs in the result.

ensuring that no issues are inadvertently omitted from consideration.