J-S18026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC ROMONT HOGAN | |
| Appellant | No. 487 MDA 2015 |

Appeal from the PCRA Order February 20, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003847-2010

BEFORE:  BOWES, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED OCTOBER 04, 2016**

Eric Romont Hogan appeals, *pro se*, from the order of the Court of Common Pleas of Luzerne County that dismissed his petition filed pursuant to the Post Conviction Relief Act.[1]  After careful review, we vacate and remand.

At trial, the Commonwealth established that on November 1, 2010, Hogan pounded on Donald Skiff's front door.  Skiff opened the door and permitted Hogan to enter.  Hogan, a stranger to Skiff, explained that he was being chased.  Believing that Hogan wanted help, Skiff dialed 911 from his cell phone, which he handed to Hogan so that he could speak directly to the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

operator.  Skiff overheard Hogan tell the operator that four black males in a red vehicle were chasing him and had fired shots.  When the call ended, Hogan handed the phone back to Skiff, pushed Skiff out of the way and ran toward the kitchen.  Skiff asked Hogan to leave his home.  Hogan ran through the kitchen and out the back door.  Skiff, who was frightened, followed and was going to lock the back door, but before he could, Hogan came bursting back into the house and repeatedly hit Skiff in the face.

Following the 911 call, Officer Michael Derwin was dispatched to Skiff's residence.  While standing on the front porch, he heard the rear door slam, so he proceeded to the back of the house.  He heard a cry for help and saw Skiff on the kitchen floor with severe head injuries.  Skiff described his assailant as a bald black male wearing a hoodie.  Officer Derwin called for an ambulance and sent a description of the assailant over the radio.

Another officer took Hogan into custody and brought him back to the scene, where Officer Derwin noted that Hogan's left hand was swollen and had blood on it.  There was blood on his clothing.  Once Hogan was taken to the police station, his clothing was seized.  At trial, the Commonwealth presented the testimony of a forensic DNA scientist who testified that bloodstains on Hogan's sweatshirt matched the blood sample provided by Skiff.

A jury convicted Hogan of burglary, aggravated assault and recklessly endangering another person.  On December 14, 2011, Hogan was sentenced to an aggregate term of 11 to 22 years' incarceration.  This Court affirmed

Hogan's judgment of sentence on February 4, 2013. *Commonwealth v. Hogan*, 68 A.3d 354 (Pa. Super. 2013) (unpublished memorandum).

In deciding Hogan's direct appeal, this Court determined that Hogan waived his challenges to the weight and sufficiency of the evidence. Hogan failed to include the weight claim in his Pa.R.A.P. Rule 1925(b) statement of errors complained of on appeal and failed to identify which element of burglary was not supported by the evidence in the statement. Nevertheless, the Court noted that even if Hogan had properly preserved the sufficiency claim, the evidence at trial was adequate to establish burglary. The Court was also precluded from reviewing Hogan's challenge to the discretionary aspects of his sentence because his brief failed to include a statement of the reasons for allowance of appeal, as required by Pa.R.A.P. 2119(f), and the Commonwealth specifically objected to this omission. *See Commonwealth v. Hudson*, 820 A.2d 720, 727 (Pa. Super. 2003) ("[W]e may not reach the merits of [the] claims where the Commonwealth has object[ed] to the omission of the [Rule 2119(f)] statement.").

Following this Court's disposition of his direct appeal, Hogan did not file a petition for allowance of appeal with our Supreme Court. On January 29, 2014, Hogan filed a *pro se* PCRA petition in which he asserted that appellate counsel had been ineffective for failing to file a requested petition for allowance of appeal in the Supreme Court and that trial counsel had been ineffective for waiving challenges to the weight and sufficiency of the evidence and the discretionary aspects of his sentence. Hogan also

- 3 -

requested the appointment of counsel. On September 10, 2014, without obtaining permission from the PCRA court, Hogan filed an amended PCRA petition that included several additional claims.[2]

On September 19, 2014, the court appointed Jeffrey A. Yellen, Esquire, to represent Hogan. Attorney Yellen filed a petition to withdraw as counsel on January 8, 2015, to which he appended a *Turner/Finley*[3] letter that states in relevant part:

> Defendant initially [raised] the issues of failure to preserve and argue issues on appeal. As an appeal was filed, prejudice would need to be shown by the Defendant. On those issues you will note that the Superior Court decision indicates a waiver of the sufficiency issue, it then goes on to say that even if pled, the evidence was sufficient. Further, there is no merit in this case to arguing that the discretionary aspects of the sentence should be overturned, again despite the Superior Court's dismissal of those issues based on failure to properly raise the issues. While he

---

[2] While the amended petition contains several issues that are not cognizable under the PCRA, we note that Hogan included the following claims of ineffective assistance of counsel that could afford a petitioner relief if properly pled and proven: failure to impeach the testimony of witness Officer Michael Derwin; failure to file a pre-trial motion to suppress evidence regarding items of Hogan's clothing that the Commonwealth seized but then lost; failure to impeach inconsistent testimony of Commonwealth witnesses; failure to present a favorable plea bargain to the court, and instead advising Hogan to proceed to trial; failure to file a petition for allowance of appeal after Hogan requested that he do so; failure to file a motion to suppress an altered criminal complaint; and failure to file a notice of possible alibi defense. However, we note that a PCRA petitioner may not file an amended petition without receiving court approval. *Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. 2014).

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

alleges a failure to appeal to the Supreme Court, I additionally do not find merit on that issue. Thus, there is no merit to any appeal issue he raised or I can think of, regardless of whether they were preserved or raised correctly prior.

Upon meeting with Defendant, he further raised multiple other issues. He raised issues of failure to give *Miranda* warnings, and failure to appoint counsel quickly enough, but I could find no prejudice or failure of counsel to address these issues.

He further raised the issue that Officer Derwin could not testify that he saw what he thought was blood on Defendant's sweatshirt, because the Officer was not an expert. He raised the issue that counsel had discussed a possible plea deal with Defendant, and that Defendant then had a constitutional right to a pre-trial conference at that point, which did not occur. He indicated a desire to suppress the bloody clothing that had been destroyed prior to trial. He indicated a belief that he should personally have been given the right to ask questions of the witnesses, despite having an attorney. He further raised the *Alleyne* case, but indicated no application to his case other than lack of understanding of minimum and maximum sentences.

*Turner*/*Finley* Letter, 1/8/15, at 1-2.

The court held a brief hearing on January 28, 2015, during which no testimony was taken. After the proceeding, the court granted withdrawal, and the PCRA petition was dismissed on February 20, 2015. Thereafter, Hogan filed a timely *pro se* notice of appeal, and in response to an order from the trial court, he filed a Rule 1925(b) statement of errors complained of on appeal on May 4, 2015. The trial court filed its Rule 1925(a) opinion on July 10, 2015.

Hogan has filed an appellate brief that fails to comply with several requirements of the Pennsylvania Rules of Appellate Procedure.[4]  The brief lacks: (1) a table of contents, Pa.R.A.P. 2174(a); (2) a table of citations, Pa.R.A.P. 2174(b); (3) the text of the order appealed from, Pa.R.A.P. 2115(a); (4) a statement of questions involved, Pa.R.A.P. 2116; (5) a statement of the case, Pa.R.A.P. 2117; and (6) a summary of the argument, Pa.R.A.P. 2118.  Nevertheless, we are able to discern the following issues that were raised either in Hogan's first *pro se* PCRA petition or in counsel's ***Turner*/*Finley*** letter, and preserved in Hogan's Rule 1925(b) statement and in his brief:

1. Trial counsel was ineffective for failing to raise in a proper manner a discretionary aspect of sentencing claim on appeal.

2. Trial counsel was ineffective for giving advice that led Hogan to reject a plea offer of 48 to 96 months' incarceration.

3. Trial counsel was ineffective for failing to investigate ***Miranda*** violations.

4. Trial counsel was ineffective for failing to suppress all proceedings that took place prior to the appointment of counsel.

5. Trial counsel was ineffective for failing to seek to suppress testimony about the clothing Hogan was wearing when he was arrested because the police took the clothing and later lost it.

_____

[4] On March 23, 2016, Hogan also filed an application for relief entitled "Application for, *inter alia*, remand to provide Appellant with the Complete record," which is denied.

6. Trial counsel was ineffective for failing to object to Officer Derwin testifying that he saw blood on Hogan's hand and clothing when he was not qualified as an expert on this topic.

7. Appellate counsel was ineffective for failing to file an exhaustive Rule 1925(b) statement.

8. Appellate counsel was ineffective for failing to file an appeal to the Pennsylvania Supreme Court when requested to do so.

9. Hogan is entitled to a new sentencing proceeding based on **Alleyne v. United States**, 133 S.Ct. 2151 (2013).

To be eligible for relief under the PCRA, Hogan must prove by a preponderance of the evidence that his conviction resulted from "ineffective assistance of counsel which, in the circumstances of the particular case so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."  42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Commonwealth v. Ousley**, 21 A.3d 1238, 1244 (Pa. Super. 2011).  To prevail on an ineffectiveness claim, the defendant must show that the underlying claim had arguable merit, counsel had no reasonable basis for his or her action, and counsel's action resulted in prejudice to the defendant. **Commonwealth v. Prince**, 719 A.2d 1086, 1089 (Pa. Super. 1998).

Based upon our careful review, the eighth issue listed above is dispositive.  In that claim, which Hogan included in his *pro se* PCRA petition and has preserved throughout this appeal, Hogan contends that appellate counsel was ineffective for failing to file a petition for allowance of appeal in

the Pennsylvania Supreme Court after this Court affirmed his judgment of sentence.

Our Supreme Court has held that

where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of the [PCRA].

**Commonwealth v. Lantzy**, 736 A.2d 564, 572 (Pa. 1999). Accordingly, in such circumstances, a petitioner is automatically entitled to the reinstatement of his appellate rights and is **not** required to show that our Supreme Court would have granted review. **Commonwealth v. Liebel**, 825 A.2d 630, 634 (Pa. 2003) (citing **Lantzy**, **supra**) (emphasis added).

Hogan asserts that he requested that appellate counsel file a petition for allowance of appeal. The record reveals that no such petition was filed. We note that as it pertains to Hogan's claim that trial counsel was ineffective in handling his discretionary aspects of sentencing claim, the issue is without merit. **See Commonwealth v. Rigg**, 84 A.3d 1080, 1088 (Pa. Super. 2014) ("[C]ounsel was not *per se* ineffective in not seeking a discretionary appeal after this Court affirmed Appellant's sentence where that was the lone issue Appellant wished to be reviewed.") However, because Hogan's direct appeal also included challenges to the weight and sufficiency of the

- 8 -

evidence, he was entitled to seek review in the Supreme Court through counsel filing a petition for allowance of appeal.[5]

Instantly, however, the PCRA court did not address the failure to file a petition for allowance of appeal in the brief PCRA hearing on January 28, 2015, in its order dismissing Hogan's petition entered on February 20, 2015, or in its Rule 1925(a) opinion filed on July 10, 2015. Because Hogan would be entitled to have his appellate rights reinstated if he showed that he requested the filing of a petition for allowance of appeal or that counsel did not adequately consult with him regarding filing one, the PCRA erred in not addressing this issue. *Lantzy*, *supra*.

Moreover, while the *Turner*/*Finley* letter in this matter listed each matter that Hogan wished to appeal, it did not "explain why *each issue* identified by [Hogan] must be deemed meritless . . . [as] require[d] under *Turner*." *Commonwealth v. Glover*, 738 A.2d 460, 464 (Pa. Super. 1999). Thus, we note that even if Hogan's right to file a petition for allowance of appeal were not reinstated, the nature of the issues raised by Hogan and included in the *Turner*/*Finley* letter indicate that an evidentiary hearing may be required. However, without an adequate explanation from

---

[5] Hogan asserts that he requested that counsel file a petition for allowance of appeal. Even if he had not made such a request, he "still may establish that counsel was ineffective if [counsel] failed to adequately consult with [him] regarding such an appeal." *Rigg*, *supra* at 1088.

counsel in his attempt to withdraw, we are unable to make any determinations regarding each specific issue.[6]

For the foregoing reasons, we vacate the PCRA order and remand for appointment of new counsel, who shall then review the record in full and file an amended PCRA petition raising Hogan's claim regarding reinstatement of direct appeal rights, as well as any additional claims. The PCRA court shall conduct an evidentiary hearing to determine whether appellate counsel was *per se* ineffective for failing to file a requested petition for allowance of appeal. If the PCRA court so finds, it shall grant Hogan leave to file a petition for allowance of appeal *nunc pro tunc*. **See Commonwealth v. Harris**, 114 A.3d 1, 4 (Pa. Super. 2015) ("[O]nce the PCRA court finds that the petitioner's appellate rights have been abridged, it should grant leave to file a direct appeal and end its inquiry there."); **see also Commonwealth v. Donaghy**, 33 A.3d 12, at 14 n.5 (Pa. Super. 2011) (where PCRA court grants request for reinstatement of direct appeal rights *nunc pro tunc,* it is without authority to reach merits of any remaining claims).

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

_____

[6] We note that the issue regarding the applicability of **Alleyne** appears to be meritless because the record does not reveal that Hogan was sentenced to a mandatory minimum sentence.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/4/2016