**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAYNE PRATER | : | |
| | : | |
| Appellant | : | No. 1709 EDA 2017 |

Appeal from the PCRA Order May 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000374-2011,
CP-51-CR-0000375-2011, CP-51-CR-0002465-2010,
CP-51-CR-0008413-2010, CP-51-CR-0008416-2010,
CP-51-CR-0012511-2011

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 02, 2018**

Wayne Prater appeals *pro se* from the trial court's order dismissing, without a hearing, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  After careful review, we vacate and remand for further proceedings.

In June 2012, Prater was convicted of causing or risking a catastrophe, burglary, aggravated assault, harassment, resisting arrest, stalking and contempt.  Prater's convictions stemmed from a protracted series of harassing

---

[1] The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.  **Commonwealth v. Johnston**, 42 A.3d 1120, 1126 (Pa. Super. 2012).

acts and violence directed towards his victim, Yvette Mason, Prater's estranged partner and the mother of his children.[2] Prater was sentenced on November 2, 2012, to 35½ to 71 years' imprisonment. Prater filed an unsuccessful post-sentence motion, but no direct appeal. On March 25, 2013 Prater filed a *pro se* PCRA petition and counsel was appointed. On April 12, 2013, the PCRA court reinstated Prater's direct appeal rights *nunc pro tunc*. On appeal, counsel was permitted to withdraw pursuant to **Anders**.[3] Our Court affirmed Prater's judgment of sentence on April 7, 2014. **Commonwealth v. Prater**, No. 1136 EDA 2013 (unpublished memorandum) (Pa. Super. filed April 7, 2014).

---

[2] Mason obtained a protection from abuse (PFA) order against Prater in September 2009. In November 2009, Prater made several harassing phone calls to Mason, smashed her car windows, threw a brick through her home window, and slashed her tires. In December 2009, witnesses observed Prater near the rear of Mason's home after discovering he had broken into her home, plugged the bathtubs on the second floor, and started running the water in the tubs, causing the water to overflow and pour from the ceiling below. N.T. Trial, 6/26/12, at 51-57. In August 2010, Prater demanded money from Mason and physically assaulted her. Later that month, someone called 911 claiming that Mason was going to kill herself with a bomb. On August 19, 2010, Mason returned home to find her house flooded again and also found a pipe bomb in her basement. The bag containing the bomb's fuse had Prater's fingerprints on it. The following day, the police arrested Prater and found him in possession of the cellphone used to call 911 to inform the police that Mason was going to kill herself with a bomb. N.T. Trial, 6/25/12, at 45-46.

[3] **See Anders v. California**, 386 U.S. 738 (1967); **see also Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

On March 2, 2015, Prater filed the instant PCRA petition; counsel was appointed and was permitted to withdraw, without filing an amended petition, on June 9, 2016. On that same date, new counsel, Christopher J. Evarts, Esquire, was appointed as PCRA counsel. On November 29, 2016, counsel filed a **Turner**/**Finley**[4] "no merit" letter seeking permission to withdraw and stating that the issues raised by Prater in his petition were meritless and there were no other issues of arguable merit that could be raised. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intention to dismiss Prater's petition without a hearing and informed him of his right to respond within 20 days. Prater did respond to the Rule 907 notice; counsel requested further time to review the matter and, ultimately, filed an amended **Turner**/**Finley** letter. The court conducted an independent review and concluded that there were no issues of merit that counsel could have raised in an amended PCRA petition and granted counsel's petition to withdraw without a hearing. On May 30, 2017, the court dismissed Prater's petition. Prater filed a timely notice of appeal and court-ordered Pa.R.A.P 1925(b) concise statement of errors complained of on appeal. This appeal follows.

On appeal, Prater presents the following issues for our consideration:

---

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

(1) Was [Prater] denied review of a meritorious claim related to illegal sentence, where the judge considered aggravated circumstances/elements, which was not submitted to jury?

(2) Was [Prater] denied a meaningful review of his PCRA claims of ineffective assistance of counsel when his court[-]appointed PCRA counsel and PCRA Court determined his claims to be void of merit, without a proper review of [Prater's] issues as guaranteed by our Pa. Const. Art. 1 §9 and the 6th Amend. to our U.S. Const.? The following issues in reference to ineffective assistance counsel by Trial Counsel, Direct Appeal Counsel, and PCRA Counsel:

a.)Trial Counsel['s] omission at trial to address the mere presence at the scene of the crime, was insufficient to support a conviction and that no witness ever stated or identified [Prater] in property that was allegedly burglarized.

b.)Trial Counsel not addressing the Pa.R.Crim.P. [] 600 violation or adding it to filed post-sentence motion.

c.) Trial Counsel only using stipulated statements of witnesses at trial, when all witnesses were ready and willing to come to court and testify, which denied [Prater] his constitutional rights under Pa. Const. Art. 1 §9 and U.S. Const. 6th Amend.

d.) Trial Counsel not filing a suppression motion for violation of Pa.R.E[]. [] 403, because fingerprint on plastic bag was used to prejudice and confuse jury.

e.) Trial Counsel not requesting Pro-Se filed sup[p]ression motion be litigated at trial or adding it to post-sentence motion.

f.) Appella[te] Counsel['s] misrepresentation of the facts in direct appeal in violation of Pa.R.Prof.Conduct [] 8.4 (A) to (I)).

g.) Appella[te] Counsel not arguing/litigating [that an] illegal sentence [was] given by [the] trial judge in violation of State and Federal sentencing laws.

h.) Appella[te] Counsel not addressing non-litigation of suppression motion or [Pa.R.Crim.P.] 600 violation in direct appeal brief, allowing [Prater's] issue/rights to be waived.

i.) PCRA Counsel's clear violation of Pa.R.Crim.P. [] 904 (A & E); **Pennsylvania v. Finley**, 481 U.S. 553 (1987) and **Commonwealth v. Finley**, 550 A.2d 213 ([Pa. Super.] 1988), by not contacting [Prater] or answering his phone when called or returning any sent correspondence from [Prater].

j.) PCRA Counsel's **Finley**/**Turner** letter, clearly did not give a[n] issue by issue breakdown of Pro-Se filed PCRA issues, making PCRA representation defective or uncounseled. PCRA Counsel defrauded [Prater] by issuing the same no merit letter after filed 907 response, calling it amended due too [sic] him adding three sentences, clearly showing his incompetence and ineffective assistance of counsel rendered.

k.) PCRA Counsel in filed **Finley** letter never addressed the issue of no-litigation of suppression motion or Rule 600 violation, this was clearly done to undermin[e]d the truth determining process, which becomes a major prejudice and a violation of [Prater's] rights under the U.S. Const. 6th Amend. and Pa. Const. Art.1 §9.

(3) Was [Prater] denied his constitutional right to a speedy trial pursuant to Pa.R.Crim.P. [] 600, as guaranteed by our Pa. Const. Art. 1 §9 and to our U.S. Const. 6th Amend.?

(4) Did Judge Denis P. Cohen, abuse his discretion when he denied [Prater's] Rule 600 Motion, when the Commonwealth failed to commence trial within 365 days, constituting a technical violation of Pa.R.Crim.P. [] 600?

Appellant's *Pro Se* Brief, at 3-4.

Before we address the merits of Prater's appellate claims, we must first address a procedural issue. On September 5, 2017, the trial court filed a Rule 1925(a) opinion noting that it had "conducted its own independent review of the record and agreed that the Petition was meritless [after having] reviewed the entire record[,] including the **Anders** brief filed by appellate counsel, the Superior Court opinion, which concluded the direct appeal was wholly

frivolous, and counsel's amended *Finley* letter." Trial Court Opinion, 9/5/17, at 4. A review of counsel's amended *Finley* letter, filed March 28, 2017, reveals that he only addresses three of Prater's PCRA claims, illegal sentence, trial/appellate counsels' ineffectiveness, and failure to call Prater's mother as a witness. Counsel's analysis of these claims is cursory at best; he spends three of the three-and-a-half pages merely reciting the factual background of the case and boilerplate PCRA law. On the other hand, Prater's *pro se* PCRA petition lists over eleven issues, all of which have been raised in his current appeal.

In *Commonwealth v. Glover*, 738 A.2d 460 (Pa. Super. 1999), our Court held that a trial court erred in accepting PCRA counsel's "no merit" letter, in lieu of preparing an independent judicial opinion, where counsel's *Turner*/*Finley* letter did not "explain why each issue identified by Appellant must be deemed meritless," but rather "provided seven sentences addressing, in an extremely cursory manner, a few of the issues identified by Appellant's *pro se* petition." *Id.* at 464. As the Court in *Glover* recognized, "it would be wholly inappropriate for the PCRA Judge to leave this Court in the position of speculating on the basis of his ruling." *Id.* at 466. Thus, on remand, our Court directed that the PCRA write a full opinion in support of its order if the ultimate decision is to deny relief to the defendant. *Id.*

It is well-established that in order for counsel to secure a withdrawal under *Turner*/*Finley*, he or she must prove that counsel's independent review consisted of:

(1) A no-merit letter detailing the nature and extent of counsel's review;

(2) **Listing in the no-merit letter each issue the petitioner wishes to have reviewed**; and

(3) An explanation by PCRA counsel of why petitioner's issues are meritless.

*Commonwealth v. Mosteller*, 633 A.2d 615, 617 (Pa. Super. 1993) (emphasis added). The PCRA court must then conduct its own independent review of the record and agree with counsel that the petition is meritless. *Id.*

Thus, a PCRA court's duty to "independently review" the record is based upon PCRA counsel's initial review of the issues raised by the petitioner. *See id.* ("In *Turner*, our supreme court endorsed an independent review by the court of the record as a follow-up to counsel's 'no-merit' letter."). Here, where counsel's initial review falls woefully short of fulfilling his duty under *Turner*/*Finley*, it was improper for the PCRA court to rely upon counsel's deficient "no-merit" letter to fulfill its duty under Rule 1925(a).[5] Accordingly,

---

[5] Pennsylvania Rule of Appellate Procedure 1925(a) states:

(a) Opinion in support of order.

(1) General rule. --Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P. 1925(a).

because counsel's "no-merit" letter fails to comply with the Supreme Court's mandate in **Turner**, as explained by this Court in **Finley**, we must vacate the PCRA court's May 3, 2017 order dismissing Prater's PCRA petition and permitting counsel to withdraw.[6]

Order vacated. Case remanded for further proceedings consistent with this memorandum. Superior Court jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/18

---

[6] The trial court is directed to have counsel fully comply with the dictates of **Turner**/**Finley**, including listing *each* issue Prater's raised in his *pro se* PCRA petition in his "no-merit" letter with a detailed explanation of why each issue is meritless, if he seeks withdrawal upon remand. We also remind the trial court of its duty to issue an independent judicial opinion, pursuant to Rule 1925(a), that explains the nature of and grounds for its conclusions when ruling upon Prater's petition seeking PCRA relief.