J-S27017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD E. TOKARCIK, JR. | : | |
| | : | |
| Appellant | : | No. 25 WDA 2021 |

Appeal from the PCRA Order Entered October 20, 2020
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000132-2017

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: NOVEMBER 2, 2021**

Appellant Richard E. Tokarcik, Jr. appeals *pro se* from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition. Because the PCRA court failed to comply with Pennsylvania Rule of Appellate Procedure 1925(a), we remand for the filing of a supplemental Rule 1925(a) opinion.

Because we write for the parties, we need not state the entire factual and procedural background of this matter. Relevant to this appeal, Appellant is serving a sentence of ten to twenty years' incarceration for his convictions for criminal attempt—statutory sexual assault[2] and related offenses. After exhausting his direct appeal rights, Appellant filed a timely *pro se* first PCRA

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 901(a) and 3122.1(b), respectively.

petition, raising multiple claims of trial counsel ineffectiveness. Among these were that his trial counsel was ineffective for not raising a hearsay objection to the text messages presented at trial, not challenging the trial court's denial of his suppression motion, and not challenging the sufficiency of the evidence. *Pro Se* PCRA Pet., 6/4/20, at 2-3.

The PCRA court appointed George Daghir, Esq. (PCRA counsel) to represent Appellant. On September 10, 2020, PCRA counsel filed a twenty-eight-page **Turner**/**Finley**[3] no-merit letter contending that Appellant's PCRA petition was meritless and a motion for leave to withdraw. Specifically, PCRA counsel stated that he had reviewed Appellant's *pro se* PCRA petition, trial counsel's file, the transcripts of all proceedings, and the entire court record. **Turner**/**Finley** Ltr., 9/10/20, at 1. PCRA counsel analyzed all the issues raised in Appellant's *pro se* PCRA petition and stated that each one was meritless. **Id.** at 10-27. PCRA counsel concluded that "any claims [Appellant] raised or could have raised, in his *pro se* PCRA petition lack merit. . . . After meaningful review PCRA [c]ounsel has determined that there are no raised or un-raised issues in [Appellant's] case that have merit." **Id.** at 28.

Subsequently, on September 18, 2020, the PCRA court filed its notice of intent to dismiss Appellant's PCRA petition without hearing pursuant to Pa.R.Crim.P. 907 and granted PCRA counsel's motion to withdraw. Appellant filed a *pro se* response to the Rule 907 notice on October 12, 2018.

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On October 20, 2020, the PCRA court dismissed Appellant's PCRA petition, stating:

> In a 28-page no-merit letter, PCRA counsel analyzed each of the 19 issues [Appellant] posed, . . . the omnibus [pre-trial motion hearing], trial, and sentencing transcripts, as well as the Superior Court's earlier opinion, confirm counsel's conclusions and require no further elucidation. The [PCRA c]ourt can add nothing of value to the discussion. For the reasons articulated in the no-merit letter filed September 10, 2020, as borne out by the transcripts and [the] Superior Court opinion, . . . [Appellant's] PCRA petition is dismissed.

Order, 10/20/20 (formatting altered).

Appellant filed a timely notice of appeal and a timely court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court filed a Rule 1925(a) opinion.

Appellant raises four issues for our review:

1. Was trial counsel ineffective for failing to object to the admission of the text messages as hearsay offered for the truth of the matter asserted, where the text messages were not properly authenticated, and the author could be ascertained as "Adam", someone other than [Appellant]?

2. Was trial counsel ineffective for failing to object to the court[']s finding of facts that established reasonable suspicion for the traffic stop, and probable cause to arrest that was not supported by the record?

3. Was trial counsel ineffective for failing to object that the finder of fact err[]ed in finding sufficient evidence to prove all the requisite elements of each crime beyond a reasonable d[ou]bt, where the evidence presented was that of text messages whose sender was not determined to be [A]ppellant, and there was no other evidence that a crime had been committed[?]

4. Did the court commit [an] abuse of discretion in dismissing [A]ppellant[']s P.C.R.A. [petition] where the record reveals counsel[']s ineffectiveness?

- 3 -

Appellant's Brief at 4.

Before we reach the merits of Appellant's arguments, we must address the PCRA court's Rule 1925(a) opinion.

When considering a request by PCRA counsel to withdraw under **Turner**/**Finley**, the PCRA court must conduct an independent review and determine if the petition is meritless. **Commonwealth v. Reed**, 107 A.3d 137, 140 (Pa. Super. 2014). The appellate courts of this Commonwealth have explicitly disapproved of a PCRA court adopting a party's filing in lieu of an opinion. In **Commonwealth v. Fulton**, 876 A.2d 342 (Pa. 2002), our Supreme Court held that the PCRA court erred by adopting the analysis from the Commonwealth's motion to dismiss the PCRA petition "in lieu of issuing an independent [Rule 1925(a)] opinion". **Fulton**, 876 A.2d at 343-45. The **Fulton** Court remanded the case to the PCRA court to draft "an independent opinion" addressing the claim the appellant raised in his PCRA petition, and retained jurisdiction. **Id.** at 345; **accord Commonwealth v. Glover**, 738 A.2d 460, 464-66 (Pa. Super. 1999) (holding that where the record did not indicate the PCRA court "conducted a meaningful independent review of the issues as required under **Turner**", it was "wholly inappropriate for the PCRA Judge to leave this Court in the position of speculating on the basis for his ruling" by adopting PCRA counsel's no-merit letter, and remanding for further proceedings, including the appointment of new PCRA counsel).

Here, the PCRA court dismissed Appellant's PCRA petition on the basis of PCRA counsel's **Turner**/**Finley** no-merit letter and stated that any further

analysis by the PCRA court was unnecessary. **See** Order, 10/20/20 (stating "[t]he [PCRA c]ourt can add nothing of value to . . . [PCRA counsel's] discussion" of Appellant's claims).

The PCRA court explained in its one-page opinion that Appellant raised the same issues in his Rule 1925(b) statement that he raised in his *pro se* PCRA petition. PCRA Ct. Op., 2/23/21. The PCRA court further stated that PCRA counsel addressed the issues Appellant raised in his *pro se* PCRA petition in the **Turner**/**Finley** no-merit letter. **Id.** Therefore, PCRA court "refer[red] the reviewing panel to that document [*i.e.*, the **Turner**/**Finley** no-merit letter], with the omnibus [pre-trial motion hearing] and trial transcripts, in answer to those issues and ask that its order be affirmed on those grounds." **Id.** (footnote omitted).[4]

The PCRA court's opinion adopted the reasoning of PCRA counsel's **Turner**/**Finley** no-merit letter without any independent analysis. This violates the precedent of our appellate courts. **See Fulton**, 876 A.2d at 343-45; **see also Glover**, 738 A.2d at 466. The appropriate measure is to remand this matter to the PCRA court to prepare a supplemental Rule 1925(a) opinion consistent with this memorandum. **See Fulton**, 876 A.2d at 345.

---

[4] The PCRA court also concluded that Appellant's claims of prosecutorial misconduct were waived because they were not raised on his direct appeal and were raised in his Rule 1925(b) statement for the first time. **See** PCRA Ct. Op., 2/23/21. Appellant has not argued these issues in his appellate brief; therefore, those claims are waived. **See Commonwealth v. Felder**, 247 A.3d 14, 20 (Pa. Super. 2021) (stating, "an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived" (citation omitted and formatting altered)).

Accordingly, we remand for the PCRA court, within ninety days of this memorandum, to file a supplemental opinion explaining its reasoning supporting its October 20, 2020 Order. Should the court require additional time, the PCRA court should address its written request to the prothonotary of this Court. Additionally, the PCRA court's clerk of courts is directed to certify and transmit the supplemental record to the prothonotary of this Court containing the trial court's opinion within fourteen days of receipt of the PCRA court's opinion.

Case remanded for trial court to prepare a supplemental opinion. Panel jurisdiction retained.