J-S29013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL RAY DRODDY | : | |
| | : | |
| Appellant | : | No. 1442 WDA 2023 |

Appeal from the PCRA Order Entered October 25, 2023
In the Court of Common Pleas of Clarion County Criminal Division at
No(s): CP-16-CR-0000416-2019

BEFORE: DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED: November 12, 2024**

Appellant, Daniel Ray Droddy, appeals from the October 25, 2023 order entered in the Court of Common Pleas of Clarion County dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we remand to the PCRA court for the filing of a supplemental Pa.R.A.P. 1925(a) opinion.

A detailed factual and procedural history is unnecessary to our disposition. Briefly, on December 2, 2020, the court sentenced Appellant to 20 to 40 years of incarceration following an open guilty plea to one count of Rape of a Child. After this Court affirmed his judgment of sentence,[1] Appellant timely filed his first *pro se* PCRA petition on December 29, 2022. The court appointed John Thomas, Esq. as PCRA counsel. On June 26, 2023,

---

[1] ***Commonwealth v. Droddy***, 270 A.3d 1162, 2021 WL 6098444 (Pa. Super. filed Dec. 23, 2021) (non-precedential decision).

Attorney Thomas filed a **Turner**/**Finley**[2] no-merit letter and a petition to withdraw as counsel.

On June 28, 2023, the PCRA court issued a Rule 907 Notice of Intent to Dismiss Appellant's petition without a hearing, stating that it "[found] that no genuine issues concerning any material fact exist and therefore [Appellant] is not entitled to [PCRA] relief and no purpose would be served by any further proceedings." Pa.R.Crim.P. 907 Notice, 6/28/23, at 1. The court also granted Attorney Thomas's motion to withdraw. **Id.** On July 23, 2023, Appellant responded. On October 23, 2023, the court entered an order dismissing Appellant's PCRA petition.

Appellant *pro se* appealed and filed a court-ordered Rule 1925(b) Statement.[3] The PCRA court issued a Rule 1925(a) opinion which stated that Attorney Thomas's **Turner**/**Finley** letter "thoroughly explained" why Appellant's claims were meritless, and that Appellant's response to the Rule 907 notice did not "alter [Attorney Thomas's] analysis[.]" Trial Ct. Op., 1/29/24, at 1. The court then concluded that it dismissed Appellant's petition "for the reasons set forth in Attorney Thomas's 'no merit' letter[.]" **Id.**

Appellant raises the following issues for our review:

_____

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[3] Appellant raised 5 issues in his Rule 1925(b) Statement. Rule 1925(b) Statement, 12/21/23, at 1-2.

1. The court erred in sentencing Appellant in re. [*sic*] to the terms of the [p]lea.

2. The court erred in not advising [Appellant] that the terms of the plea would not be followed, and by not affording [Appellant] the opportunity to consult with counsel who informed him that he was plea[d]ing to a max [*sic*] term of 4 [to] 8 years, and by not allowing him to withdraw the plea.

3. The court erred in using a 2020 sentence grid for a crime that occurred in 2018.

4. The court further erred in accepting a fatally defective information in charging filed by the Commonwealth re. [*sic*] alleging the age of the victim was 12, when in fact, the age of the victim was 13, resulting in a significant increase in the penalty phase which should [have] been a minimum of 48 months with no prior record score.

5. Defense Counsel was ineffective for failure to raise, object, [and] argue the above issues on the record, resulting in plain error-reversible error.

6. Fundamental Fairness Doctrine.

Appellant's Br. at 5.

**A.**

When the PCRA court receives a ***Turner***/***Finely*** letter and motion to withdraw, it must conduct its own independent review of the record to determine if the PCRA petition is meritless before permitting counsel to withdraw. ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007). It is essential that the PCRA court conduct its own independent review because our standard of review "requires us to give great deference to the PCRA [c]ourt's findings[,]" and "our duty as an error correcting court is to determine if the PCRA Court's decision is legally correct and fully supported by the certified record." ***Commonwealth v. Glover***, 738 A.2d 460, 466 (Pa.

Super. 1999). Furthermore, Rule 907 requires that the court, in providing notice of its intent to dismiss the petition, "shall state in the notice the reasons for dismissal." Pa.R.Crim.P. 907(1). Accordingly, "if a PCRA [court] fails to explain the nature and grounds for [its] conclusions, we are left to speculate as to the basis for the PCRA [c]ourt's decision." *Glover*, 738 A.2d at 466. Our Court, thus, concluded that it is error for a PCRA court to "adopt[] counsel's 'no-merit letter'" instead of providing independent reasoning. *Id*.

\*

Here, the PCRA court merely adopted Attorney Thomas's reasoning set forth in the *Turner*/*Finley* letter. Specifically, in its Rule 907 Notice, the PCRA court informed Appellant that it was dismissing his petition because "no genuine issues concerning any material fact exist and therefore [Appellant] is not entitled to [PCRA] relief[,]" but did not explain its reasoning. Rule 907 Notice at 1. The court also offered no reasoning in its dismissal order or its Rule 1925(a) opinion. Accordingly, the court dismissed Appellant's petition merely "for the reasons set forth in Attorney Thomas's 'no merit' letter[.]" Trial Ct. Op. at 1.

The court's wholesale adoption of Attorney Thomas's *Turner*/*Finley* letter is error and raises a significant concern that the court failed to fulfill its duty to conduct a meaningful independent review of the merits of the case, as required by our case law. *See Glover*, 738 A.2d at 466. We, therefore, remand to the PCRA court to conduct an independent review of the case and

- 4 -

prepare an opinion in support of its order denying PCRA relief to Appellant within 60 days. ***See id.***

Case remanded for the filing of a supplemental Rule 1925(a) opinion. Panel jurisdiction retained.