J-S61017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD ADAM HARTLEB | |
| Appellant | No. 1823 WDA 2015 |

Appeal from the PCRA Order October 19, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000856-2013 CP-25-CR-0001217-2013

BEFORE:  PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 15, 2016**

Richard Adam Hartleb appeals from the trial court's order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Upon review, we find that PCRA counsel has failed to comply with the requirements of **Turner**/**Finley** and remand for the preparation of either an advocate's brief or a proper **Turner**/**Finley** brief.[2]

On September 23, 2013, a jury convicted Hartleb of four counts of terroristic threats, four counts of simple assault, one count of possessing an instrument of a crime, and one count of a person carrying a firearm without

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

a license.[3] These convictions stemmed from an incident that occurred on February 8, 2013, in which Hartleb pointed a handgun at several individuals at Haggerty's Bar in Erie. On November 5, 2013, Hartleb pled guilty to one count of recklessly endangering another person and one count of person carrying a firearm without a license.[4] These guilty pleas arose out of an incident on January 13, 2013, when Hartleb fired a handgun near the victim and toward a vehicle on the 1100 block of Wallace Street in Erie.

Hartleb's trial attorney filed a motion to consolidate the sentencing hearings for Docket No. 856 and Docket 1217.[5] On November 14, 2013, the Honorable John Garhart sentenced Hartleb to an aggregate term of 6 to 14 years' incarceration. On November 22, 2013, Hartleb filed a motion to

---

[3] 18 Pa.C.S. § 2706, 18 Pa.C.S. § 2701, 18 Pa.C.S. § 907, and 18 Pa.C.S. § 6106, respectively. Hartleb was sentenced to 9 months to 30 months for each count of terroristic threats (counts 1, 2, 3, and 4), 9 months to 24 months for each count of simple assault (counts 9, 10, 11, and 12), 9 months to 60 months for possessing an instrument of a crime (count 13), and 30 months to 84 months for a person carrying a firearm without a license (count 14) at Docket No. 1217 of 2013. Counts 1, 2, 3, 4, 9, 10, 11, 12 and 13 are concurrent to each other and count 14.

[4] 18 Pa.C.S. § 2705 and 18 Pa.C.S. § 6106, respectively. Hartleb was sentenced to 12 months to 24 months for one count of recklessly endangering another person (count 3) and 42 months to 84 months for one count of a person carrying a firearm without a license (count 6) at Docket No. 856 of 2013.

[5] Trial counsel filed a motion to consolidate sentencing dates, requesting the court to consolidate Docket No. 1217 of 2013 and Docket No. 856 of 2013. The trial court granted the motion on Docket No. 856 at Docket Entry 11.

modify and reduce sentence, requesting that the court run count 6 on Docket 856 of 2013 concurrently rather than consecutively to his sentence to count 14 on Docket 1271 of 2013.[6] Judge Garhart denied Hartleb's motion to modify and reduce sentence on December 6, 2013. Hartleb filed a timely notice of appeal, and the trial court ordered Hartleb to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Counsel filed a statement of intent to file an **Anders**/**McClendon**[7] brief in lieu of a Rule 1925(b) statement. On August 22, 2014, this Court granted counsel's petition to withdraw and affirmed Hartleb's judgment of sentence.[8] **Commonwealth v. Hartleb**, No. 1966 WDA 2013, unpublished memorandum at 1 (Pa. Super. filed August 22, 2014).

On May 16, 2015, Hartleb filed a *pro se* motion to correct formal error, arguing that his sentences on Docket No. 856 of 2013 and on Docket No. 1217 of 2013 are illegal. The trial court treated Hartleb's motion as a PCRA petition and the trial court appointed Hartleb PCRA counsel. Hartleb's PCRA

---

[6] Trial counsel's motion to modify and reduce sentence incorporated by reference Hartleb's *pro se* petition for sentence modification filed at Docket No. 1217 of 2013 and Docket No. 856 of 2013.

[7] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

[8] In the **Anders** brief, Hartleb alleged that his sentence was excessive because the trial court ordered the sentences in Hartleb's cases to run consecutively, rather than concurrently. Hartleb also alleged that the Commonwealth presented insufficient evidence for a jury to conclude beyond a reasonable doubt that Hartleb carried a firearm without a license.

counsel subsequently filed a motion to supplement Hartleb's PCRA petition, suggesting that Hartleb's claim that his prior record score was incorrectly calculated lacked legal merit.[9]  Hartleb's PCRA counsel then sent a letter to the trial court in an attempt to clarify his supplement, suggesting that his "evaluation was misplaced in that [Hartleb] was never convicted of arson-endangering persons in Texas, but that the conviction was for arson of unoccupied property."  Exhibit C-1 to Appellant's Brief, at 1.[10]

The trial court filed a notice of intent to dismiss without a hearing on September 23, 2015.  Pa.R.Crim.P. 907.  Hartleb filed a timely *pro se* motion for objection to dismissal of his PCRA petition, which the trial court denied by final order on October 19, 2015.  Hartleb filed a *pro se* notice of appeal on October 19, 2015, and the trial court directed Hartleb to file a Rule 1925(b)

_____

[9] Hartleb argues that his arson conviction in Texas was incorrectly graded for purposes of calculating his prior record score.  Hartleb suggests that his Texas conviction should have been graded as an (F-2) rather than an (F-1), which would have reduced his prior record score from a 5 to a 3.  Hartleb's PCRA counsel suggests that this claim is without merit.  **See** Exhibit C to Appellant's Brief, at 1.  Hartleb also argues that the offense gravity score for his conviction of one count of a person carrying a firearm without a license should have been calculated as a 5 rather than a 7.  Hartleb's PCRA counsel offers no opinion on this claim other than "the utilization of the correct OGS of 5 would have a resultant downward modification in the applicable guideline ranges."  Exhibit C to Appellant's Brief, at 2.

[10] Hartleb's PCRA counsel attempts to clarify Hartleb's *pro se* argument that his prior arson conviction in Texas, which was graded as an (F-1) equivalent to arson endangering a person in Pennsylvania, should have been graded as an (F-3) equivalent to arson of unoccupied property in Pennsylvania.

statement.[11]  The trial court filed a Rule 1925(a) opinion on December 16, 2015.

Preliminarily, we note that

> The rule-based right to counsel and to effective assistance of counsel extends throughout the post-conviction proceedings, including any appeal from the disposition of the PCRA petition.  [O]nce counsel has entered an appearance on a [petitioner's] behalf he is obligated to continue representation until the case is concluded or he is granted leave by the court to withdraw his appearance.

*Commonwealth v. Smith*, 121 A.3d 1049, 1053 (Pa. Super. 2015) (citations omitted); Pa.R.Crim.P. 904(E).

Hartleb's PCRA counsel suggests that at least one of Hartleb's claims lacks legal merit.  **See** Exhibit C to Appellant's Brief, at 1.  Court-appointed counsel who seek to withdraw from representing an appellant on appeal of a denial of a PCRA petition on the basis that the appeal lacks merit must: (1) attach a "no-merit" letter to the application; (2) list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims in the "no-merit" letter; (3) set forth an explanation of why the petitioner's issues are meritless in the "no-merit" letter; and (4) contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-

---

[11] Hartleb filed a Rule 1925(b) statement *pro se*, despite being appointed PCRA counsel on May 21, 2015, on Docket No. 856 of 2013.

merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel. ***Commonwealth v. Friend***, 896 A.2d 607, 614-15 (Pa. Super. 2006).

After reviewing the record, and without making a determination as to the merits of Hartleb's claims, we conclude that Hartleb may have at least one colorable claim to advance in the PCRA court. It is not clear to this Court, however, whether PCRA counsel intended his supplement or the letter dated July 24, 2015 to be "no-merit" letters consistent with ***Turner***/***Finley***. In any event, neither complies with ***Turner***/***Finley***. PCRA counsel wrote

> I submitted a supporting pleading as to the Petitioner's claim that the wrong offense gravity score was utilized by the probation department while offering a no-merit statement in regard to the claim that the prior record score was also miscalculated in regard to the grading of a prior criminal conviction in Texas.

Exhibit C-1 to Appellant's Brief, at 1.

Counsel's position is unclear. If PCRA counsel wishes to withdraw, then he must comply with the procedural requirements under ***Turner***/***Finley***. PCRA counsel has also failed to acknowledge that Hartleb may have an ineffective assistance of counsel claim based on trial counsel's failure to object to both the pre-sentence report and the sentencing guidelines reviewed by the trial court during Hartleb's sentencing

proceeding. Appellant's Brief, at 9 ("Counsel had no objection to the presentence report or the accuracy of the PSI or the sentencing guidelines used to sentence Appellant."); *see also Commonwealth v. Glover*, 738 A.2d 460, 464 (Pa. Super. 1999) (*Turner* requires counsel to list each issue which appellant wants PCRA Court to review and explain why each issue identified by appellant must be deemed meritless.).

Furthermore, it appears to this Court that based on Hartleb's and PCRA counsel's simultaneous filings, PCRA counsel has not sufficiently examined the case. *See Smith*, *supra*. Based on the foregoing reasons, we direct PCRA counsel to either file a formal petition to withdraw and comply with the requirements of *Turner*/*Finely*, or file an advocate's brief within 30 days of the filing of this memorandum. The Commonwealth may file its brief within 30 days of the filing of Appellant's brief.

Hartleb's motion to strike is denied.[12] Case remanded with instructions. Panel jurisdiction retained.

---

[12] Hartleb filed a *pro se* motion to strike Appellee's brief on July 1, 2016, arguing that the Commonwealth failed to serve him with its brief, thus preventing Hartleb from filing a reply brief. Hartleb filed a reply brief, *pro se*, on August 17, 2016. The Court has considered Hartleb's reply brief.