J-S05035-19

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN RODABAUGH, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1167 WDA 2018 |

Appeal from the PCRA Order Entered August 6, 2018
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000539-2002

BEFORE:    PANELLA, P.J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.                    FILED APRIL 25, 2019

Steven Rodabaugh (Appellant) appeals pro se from the August 6, 2018 order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

> The relevant procedural history of this case is as follows: On September 4, 2002, the Commonwealth charged [A]ppellant with, inter alia, two counts of terroristic threats. Appellant pled guilty to the terroristic threats charges on October 2, 2002, and all other charges were withdrawn. Immediately thereafter, the trial court sentenced [A]ppellant to an aggregate of three months to two years, less one day, in the Jefferson County Jail and four years' probation. While on probation, [A]ppellant was convicted of two counts of criminal sexual conduct in Michigan stemming from offenses committed in December of 2005 and January of 2006. Appellant absconded and was not sentenced for those convictions until 2011.  Appellant completed the maximum sentences related to the Michigan charges on May 18, 2015.

---

*Retired Senior Judge assigned to the Superior Court.

On May 20, 2015, the trial court held its first Gagnon[1] hearing, which the trial court continued so that [A]ppellant's pre-sentence report could be updated. At the second Gagnon hearing on June 3, 2015, the trial court sentenced [A]ppellant to an aggregate sentence of 3–10 years' imprisonment.

Appellant [pro se] filed a post-sentence motion to modify his sentence on October 6, 2017, on the grounds that the trial court entered an illegal judgment of sentence. The trial court denied [A]ppellant's motion on October 10, 2017. On November 1, 2017, [A]ppellant [pro se] filed a notice of appeal to this [C]ourt.

Commonwealth v. Rodabaugh, 193 A.3d 1052, at *1 (Pa. Super. 2018) (citations omitted). On appeal, this Court determined that the trial court should have treated Appellant's untimely post-sentence motion as his first PCRA petition. Id. Additionally, this Court concluded that because this was Appellant's first PCRA petition, Appellant was entitled to counsel. Id. at 2 ("The Pennsylvania Rules of Criminal Procedure mandate that counsel be appointed for a defendant's first petition for relief under the PCRA."). Accordingly, we reversed the order denying Appellant's motion and remanded to the PCRA court for the appointment of counsel. Id.

On June 8, 2018, the PCRA court appointed George N. Daghir, Esquire, as counsel for Appellant. On July 13, 2018, Attorney Daghir filed a petition to withdraw and Turner/Finley[2] no-merit letter. On July 16, 2018, the PCRA

_____

[1] Gagnon v. Scarpelli, 411 U.S. 778 (1973).

[2] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

court granted counsel's petition to withdraw and issued notice of its intent to dismiss Appellant's petition without a hearing. In response, Appellant pro se filed a notice of appeal on August 6, 2018. The PCRA court issued a final order dismissing Appellant's petition that same day.[3,4]

Before we reach the merits of this appeal, we must determine whether Appellant's PCRA petition was timely filed, as the timeliness of a PCRA petition is jurisdictional. Commonwealth v. Robinson, 12 A.3d 477, 479 (Pa. Super. 2011). See also Commonwealth v. Lewis, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting Commonwealth v. Chester, 895 A.2d 520, 522

_____

[3] "Although initially premature when filed, we need not quash Appellant's appeal. See Pa.R.A.P. 905(a)(5) (explaining, 'A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof')." Commonwealth v. Swartzfager, 59 A.3d 616, 618 (Pa. Super. 2012).

[4] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On November 9, 2018, the PCRA court filed an opinion, which relied on the reasoning set forth in Attorney Daghir's no-merit letter. We note our displeasure in the PCRA court's wholesale adoption of Attorney Daghir's no-merit letter in lieu of filing a proper 1925(a) opinion. See Commonwealth v. Glover, 738 A.2d 460, 466 (Pa. Super. 1999) (holding that "[i]n light of this fact, and in consideration our Supreme Court's strictures on the practice of adopting party briefs in their entirety, it would be wholly inappropriate for the PCRA [j]udge to leave this Court in the position of speculating on the basis for his ruling" … "by adopting counsel's 'no-merit' letter" instead of authoring an opinion of its own). While it would be well within our discretion to do so, in light of our disposition, we need not remand this case for the PCRA court to author a proper 1925(a) opinion.

(Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days[5] of the date on which it became available. 42 Pa.C.S. § 9545(b) and (c).

During this Court's prior review, before remanding Appellant's case to the PCRA court for further proceedings, this Court determined that Appellant's post-sentence motion was actually an untimely-filed PCRA petition. See Rodabaugh, supra at 1 ("[B]ecause [A]ppellant is raising issues pertaining to the legality of his sentence, his post-sentence motion must be treated as a petition pursuant to the PCRA, albeit an untimely one."). Our review of the certified record confirms as much.

_____

[5] Although inapplicable to this appeal, we note that subsection 9545(b)(2) was amended on October 24, 2018, effective in 60 days (December 24, 2018), extending the time for filing from sixty days of the date the claim could have been presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. See Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

In this case, Appellant was sentenced on June 3, 2015 and no direct appeal was filed. Therefore, Appellant's judgment of sentence became final on July 3, 2015.[6] Thus, Appellant's motion, filed October 6, 2017, is facially untimely, and Appellant was required to plead and prove an exception to the timeliness requirements in his petition. He did not do so.[7] Accordingly, the PCRA court properly dismissed the petition.

_____

[6] See Commonwealth v. Ruiz, 131 A.3d 54, 59 (Pa. Super. 2015) ("Because Ruiz was sentenced on June 5, 2013, and did not file a direct appeal, his judgment of sentence became final on July 5, 2013, when the 30–day time period for filing a direct appeal to this Court expired.").

[7] Nor did Appellant plead or prove any timeliness exception on appeal. In fact, the entirety of Appellant's argument in his appellate brief is as follows:

1) The Appellant had No Prior criminal record in 2002 that would disqualify the Appellant for RRRI, and there is an available waiver (61 Pa.C.S. 4505-B) that was available and should have been considered prior to re-sentencing in 2015.

2) The Appellant received No Pre-trial confinement Credit in 2002 or on 2015, and the Appellant was Denied due process of Law

3) The Appellant was Denied effective Assistance of Counsel for the re-sentencing hearing.

Appellant's Brief at 8 (verbatim). Accordingly, even if we had the jurisdiction to entertain this appeal, because Appellant's argument is essentially non-existing, and he has failed to cite to relevant legal authority or citations to the record, we would find his claims waived. See Commonwealth v. Gibbs, 981 A.2d 274, 284 (Pa. Super. 2009) ("It is Appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors. If an appellant does not do so, we may find the argument waived."). See also Commonwealth v. Walter, 966 A.2d 560, 566 (Pa. 2009) (finding claims waived "for failure to develop them in any meaningful fashion capable of review").

- 5 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2019