J-S02011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA HOLMES | : | |
| | : | |
| Appellant | : | No. 497 EDA 2023 |

Appeal from the PCRA Order Entered February 22, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003018-2010

BEFORE:   LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, P.J.:                **FILED MARCH 22, 2024**

Joshua Holmes appeals from the order, entered in the Court of Common Pleas of Philadelphia County, following the denial of his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Counsel has filed a motion to withdraw and an ***Anders***[1] Brief.   We direct counsel to comply with the substantive requirements of ***Turner/Finley***.

On October 20, 2023, this Court entered the following per curiam order:

---

[*] Former Justice specially assigned to the Superior Court.

[1] A brief filed  pursuant to ***Anders v. California***, 386 U.S. 738 (1967), is proper where counsel seeks to withdraw his or her representation in a **direct** appeal.   A ***Turner/Finley*** no-merit letter is the appropriate filing in an application to withdraw on collateral review.   ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1998) (en banc). However, "[b]ecause an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter." ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted).

Appellant's counsel, George Setrag Yacoubian, Esquire, has erroneously filed a petition to withdraw as counsel and a[n *Anders*] brief[.]

In light of the fact that Attorney Yacoubian has not attached to his petition to withdraw as counsel a copy of the letter mailed to Appellant informing him of his right to retain new counsel or proceed pro se in this appeal nor provided proof of service of the "Motion To Withdraw As Counsel" and "*Anders* Brief" upon Appellant, Attorney Yacoubian is DIRECTED to, within fourteen (14) days of the date that this Order is filed, provide copies of counsel's July 17, 2023 "Motion To Withdraw As Counsel" and "*Anders* Brief" to Appellant, provide written notice to the Prothonotary of this Court that counsel has complied, and to file with the Prothonotary of this Court seven (7) copies of a letter addressed to Appellant advising him of his immediate right to proceed pro se or with privately retained counsel. ***See Commonwealth v. Friend***, 896 A.2d 607 (Pa. Super. 2006) (providing that counsel must contemporaneously serve a copy of counsel's application to withdraw on the petitioner and must supply to the petitioner both a copy of the no-merit letter and a statement advising the petitioner that the petitioner has the right to proceed pro se or with the assistance of privately retained counsel), *abrogated on other grounds by* ***Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009); ***Commonwealth v. Muzzy***, 141 A.3d 509 (Pa. Super. 2016) (clarifying that counsel's letter to the client shall inform the PCRA petitioner that upon the filing of the petition to withdraw, the client has the immediate right to proceed in the appeal pro se or through privately retained counsel).

Per Curiam Order, 10/20/23. The filing deadline, November 3, 2023, passed. The Commonwealth filed its brief on November 14, 2023, asserting Attorney Yacoubian had failed to comply with this Court's order. On November 19, 2023, Attorney Yacoubian filed with this Court a copy of a letter addressed to Holmes, stating that counsel was enclosing a copy of his *Anders* brief and motion to withdraw, that he believed Holmes' claims were meritless, and that Holmes could proceed *pro se* or with privately retained counsel. Thus, counsel

substantially complied, albeit belatedly, with the procedural requirements of ***Turner/Finley***.

However, the Commonwealth, in its brief, noted that counsel's ***Anders*** brief did not comply with the substantive requirements of ***Turner/Finley***, namely, counsel failed to explain "why the petitioner's issues were meritless." ***Finley***, 550 A.2d at 215. We agree.

As reiterated by our Supreme Court, the standards counsel must observe when requesting to withdraw include the following:

> 1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
>
> 3) ***The PC[R]A counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless***[.]

***Commonwealth v. Pitts***, 981 A.2d 875, 876 (Pa. 2009), quoting ***Finley***, ***supra*** at 215 (emphasis added).

Here, counsel provides no explanation, merely noting he "believes" the claims are meritless and "there is nothing to substantiate" the claims. ***See Anders*** Brief, at 6. Counsel has not detailed the nature and extent of his review of the case or "explain[ed] why and how [the issues Holmes] wants to have reviewed [] lack merit[.]" ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted). This falls short of what is required by PCRA counsel. After careful consideration, we decline to overlook counsel's omission in light of established case law on the proper collateral withdrawal

- 3 -

procedure and the precept that PCRA counsel seeking to withdraw "must review the case zealously." ***Id.*** (citation omitted). ***See also Commonwealth v. Karanicolas***, 836 A.2d 940, 945-47 (Pa. Super. 2003); ***Commonwealth v. Glover***, 738 A.2d 460, 464-65 (Pa. Super. 1999).

We, therefore, direct counsel to file a no-merit letter, within twenty (20) days, in compliance with the substantive requirements of ***Turner/Finley***. The Commonwealth's responsive brief is due within fourteen (14) days of the filing of counsel's ***Turner/Finley*** no-merit letter. Panel jurisdiction retained.