J-S09021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RASHON A. SOLICE :
:
Appellant : No. 1233 EDA 2023

Appeal from the PCRA Order Entered April 10, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001220-2016

BEFORE: PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.: **FILED JULY 17, 2024**

Appellant Rashon A. Solice appeals from the order denying his first Post

Conviction Relief Act[1] (PCRA) petition. Appellant's counsel (Current Counsel)

has filed a petition to withdraw and a ***Turner*/*Finley*** brief.[2] For the reasons

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We note that Current Counsel mistakenly filed a petition to withdraw as counsel and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which provide the procedure for counsel to withdraw in a direct appeal. Because Current Counsel is seeking to withdraw in a PCRA-related appeal, she should have proceeded under the requirements set forth in ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). However, because an ***Anders*/*Santiago*** brief provides greater protections to Appellant, we may accept an ***Anders*/*Santiago*** brief in lieu of a ***Turner*/*Finley*** brief. ***See id.*** For purposes of our discussion, we refer to Current Counsel's brief as a ***Turner*/*Finley*** brief.

that follow, we affirm the PCRA court's order and grant Current Counsel's petition to withdraw.

A previous panel of this Court summarized the facts of this case as follows:

> On December 19, 2015, Appellant stabbed another man in the chest following an argument in Upper Darby, Delaware County, Pennsylvania. The wound was serious and necessitated emergency surgery to save the victim's life. The victim named Appellant as his attacker and two eyewitnesses also separately identified Appellant from two different photographic arrays. Appellant's paramour at the time, Nicole McNeil, also witnessed the stabbing. Appellant was charged with attempted first-degree murder, aggravated assault, recklessly endangering another person ("REAP"), possessing an instrument of crime, simple assault, and harassment.
>
> Ultimately, Appellant entered a negotiated guilty plea to aggravated assault. In exchange for Appellant's guilty plea, the Commonwealth dropped the remaining charges and recommended a sentence of nine to twenty years of incarceration. On July 18, 2017, the trial court accepted Appellant's guilty plea following a full colloquy and imposed the sentence recommended by the Commonwealth. No direct appeal was filed. [Fortunato Perri, Esq. (trial counsel) represented Appellant at the guilty plea hearing.]
>
> On July 18, 2018, Appellant filed a timely *pro se* PCRA petition. [Stephen D. Molineux, Esq.] was appointed to represent Appellant. Thereafter, the PCRA court granted [Attorney Molineux] several extensions in which to file an amended PCRA pleading on Appellant's behalf. On April 13, 2020, [Attorney Molineux] filed a petition to withdraw and a "no merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Shortly thereafter, the PCRA court granted [Attorney Molineux's] motion to withdraw and issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907(1).

Appellant filed multiple timely *pro se* responses to the PCRA court's Rule 907 notice asserting, *inter alia*, that his plea had been unlawfully coerced by the Commonwealth. Appellant also claimed that he had a viable claim of self-defense that was overlooked by trial counsel and the trial court. Appellant requested an evidentiary hearing as to these allegations.

*Commonwealth v. Solice*, 1584 EDA 2020, 2021 WL 4772464, at *1 (Pa. Super. filed Oct. 13, 2021) (unpublished mem.) (some citations omitted).

On July 23, 2020, the PCRA court dismissed Appellant's petition without a hearing. Appellant filed a timely notice of appeal. On appeal, Appellant argued that the PCRA court erred by dismissing his PCRA petition without a hearing. *Id.*, 2021 WL 4772464, at *1-2. This Court affirmed the PCRA court's order in part and vacated in part. *Id.* at *5. Specifically, this Court "vacate[d] only that portion of the PCRA court's order dismissing Appellant's claim that trial counsel was ineffective in advising Appellant concerning a potential claim of self-defense[]" and remanded for an evidentiary hearing on that claim. *Id.*

Following this Court's remand, Wana Saadozi, Esq. entered her appearance on behalf of Appellant. The PCRA court held an evidentiary hearing on July 14, 2022. Appellant and trial counsel both testified at the hearing. Following the hearing, the parties submitted proposed findings of fact and conclusions of law. On April 10, 2023, the PCRA court issued an order containing its findings of facts and conclusions of law and denying Appellant's PCRA petition.

Although still represented by Attorney Saadozi, Appellant filed a timely *pro se* notice of appeal[3] and a *pro se* Rule 1925(b) statement. This Court subsequently granted Attorney Saadozi's application to withdraw as counsel and remanded this matter to the PCRA court to determine if Appellant is eligible for court-appointed counsel. The PCRA court then appointed Current Counsel to represent Appellant.

On appeal, Current Counsel filed a petition to withdraw and a **Turner**/**Finley** brief stating that she thoroughly reviewed the case, believed that an appeal would be wholly frivolous, notified Appellant of her intent to withdraw, and provided Appellant with a copy of her brief. Current Counsel has provided this Court with a copy of her letter to Appellant, which informed Appellant of his right to proceed *pro se* or with private counsel. Resp. to Order, 6/19/24. Appellant subsequently filed a *pro se* appellate brief responding to the **Turner**/**Finley** brief on December 26, 2023.

Before addressing the merits of the matters raised in Current Counsel's **Turner**/**Finley** brief, we must first consider whether Current Counsel met the technical requirements for withdrawing from representation.

---

[3] **See Commonwealth v. Williams**, 151 A.3d 621, 623-624 (Pa. Super. 2016) (**H. Williams**) (holding that a *pro se* notice of appeal may be accepted by the trial court, forwarded to this Court, and docketed by this Court without offending the considerations prohibiting hybrid representation because a defendant has a constitutional right of appeal); **see also** 210 Pa. Code § 65.24 (stating that, "[a] *pro se* notice of appeal received from the trial court shall be docketed, even in instances where the *pro se* [party] was represented by counsel in the trial court" without offending the prohibition against hybrid representation).

- 4 -

***Commonwealth v. Muzzy***, 141 A.3d 509, 510 (Pa. Super. 2016). This Court has explained:

> [c]ounsel petitioning to withdraw from PCRA representation must proceed under [***Turner*** and ***Finley***] and must review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of ***Turner***/***Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Id.*** at 510-11 (citations omitted and formatting altered).

Here, Current Counsel filed her petition to withdraw indicating that she reviewed the record and determined that there were no meritorious issues to raise on appeal. Pet. to Withdraw, 10/7/23, at 2 (unpaginated). Further, Current Counsel filed a copy of the letter that she sent to Appellant, which indicates that she sent Appellant a copy of the ***Turner***/***Finley*** brief and advised Appellant that he may immediately proceed *pro se* or retain private counsel to raise any additional issues he believes should be brought to this Court's attention. ***Turner***/***Finley*** Brief at 22; ***see also*** Resp. to Order, 6/19/24. On this record, we conclude that Current Counsel has met the

technical requirements of *Turner* and *Finley*, and we now proceed to address the issues Current Counsel identified in the *Turner*/*Finley* brief. *See Muzzy*, 141 A.3d at 510-11.

In the *Turner*/*Finley* brief, Current Counsel identifies the following issues:

1. Is the record devoid of any issue having arguable merit and is Appellant's appeal wholly frivolous?

2. Did the lower court err in dismissing Appellant's PCRA petition following a limited evidentiary [hearing] regarding Appellant's claim of ineffective assistance of counsel in connection with the entry of a guilty plea?

*Turner*/*Finley* Brief at 7 (some formatting altered).

In his *pro se* brief, Appellant raises the following issues:

1. Whether the PCRA court's April 10, 2023 order denying [] Appellant's PCRA petition was unsupported by the record and thus entitled to no deference by an appellate court, where, contrary to the PCRA court's ruling: the [record] reflects that trial counsel provided affirmative misadvice [sic] on the issue of self-defense and [the] applicable law.

2. Did trial counsel provide an inadequate explanation regarding the use of deadly force and incor[r]ect legal rules governing self-defense such as the wrong standards for a duty to retreat as it pertain[s] to the facts of the case[?]

Appellant's *Pro Se* Brief at 4 (some formatting altered).

**Guilty Plea**

The two issues that Current Counsel identifies are related, therefore, we discuss them together. Current Counsel explains that Appellant claims that trial counsel was ineffective by providing erroneous advice about self-defense,

which caused Appellant to enter an involuntary or unknowing guilty plea. ***Turner***/***Finley*** Brief at 14-22. Current Counsel notes that at the PCRA evidentiary hearing, trial counsel testified that he explained self-defense to Appellant, including the duty to retreat. ***Id.*** at 20. Current Counsel also observes that trial counsel informed Appellant that a claim of self-defense would require the jury to conclude that the Appellant acted reasonably, and discussed facts with Appellant that trial counsel believed were not helpful to a self-defense claim. ***Id.*** at 20-21.

Appellant argues that the PCRA court's findings of fact are not supported by the record. Appellant's *Pro Se* Brief at 13-15. Specifically, Appellant asserts that the PCRA court improperly adopted the Commonwealth's proposed findings of fact in their entirety. ***Id.*** at 15 (citing, *inter alia*, ***Commonwealth v. Williams***, 732 A.2d 1167 (Pa. 2004) (***R. Williams***)). Appellant further contends that trial counsel was ineffective by providing Appellant incorrect and confusing explanations about self-defense, which affected Appellant's decision to plead guilty. ***Id.*** at 16-22. Specifically, Appellant contends that trial counsel mischaracterized the burden of proof when a defendant claims he acted in self-defense. ***Id.*** at 16-17. Appellant further claims trial counsel's advice about the duty to retreat with respect to self-defense was erroneous because the victim was armed; therefore, Appellant did not have a duty to retreat under those circumstances. ***Id.*** at 18-20. Appellant argues that trial counsel lacked a reasonable basis for providing erroneous advice before Appellant entered a guilty plea. ***Id.*** at 21.

Appellant contends that he was prejudiced by trial counsel's errors because he would not have entered a guilty plea if trial counsel had not provided Appellant incorrect information about the duty to retreat. *Id.* at 20. Therefore, Appellant concludes that trial counsel was ineffective in advising Appellant about self-defense and this caused Appellant to enter an involuntary and unknowing guilty plea.

> In reviewing the denial of a PCRA petition, our standard of review
>
> is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered); *see also Commonwealth v. Davis*, 262 A.3d 589, 595 (Pa. Super. 2021) (stating that "[t]his Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." (citation omitted)).

> It is well established:
>
> A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty.
>
> . . . The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

In order for [the petitioner] to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. [The petitioner] must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

Moreover, trial counsel is presumed to be effective.

*Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citations omitted and formatting altered); *see also Sandusky*, 203 A.3d at 1044 (stating that "a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness" (citation omitted and formatting altered)).

Further, this Court has explained that

to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citations omitted and formatting altered).

In its order setting forth its findings of fact and conclusions of law, the PCRA court specifically found trial counsel's testimony to be credible and Appellant's testimony to be not credible. *See* PCRA Ct. Order, 4/10/23, at 4. The PCRA court further explained:

[Appellant's] argument that trial counsel failed to advise him that he had a valid self-defense claim is not supported by the record. Trial counsel repeatedly discussed arguing self-defense with [Appellant]. Trial counsel explained to [Appellant] that there were competing theories of the crime: that the Commonwealth would argue that he was the aggressor and was not acting . . . in self-defense, and conversely [Appellant] would argue that he was attacked when he arrived at his victim's home and only stabbed his victim to protect himself. [Appellant] admitted that based on his discussions with trial counsel, he knew the trial would come down to which version of events the jury found credible.

Trial counsel's strategy was to present facts sufficient for a justification defense at trial. Trial counsel was aware no one told the police that they saw the victim with a gun. Trial counsel also knew that recorded prison phone calls would show [Appellant] encouraging his witness, Mr. Keith, to lie on his behalf. [Appellant] admitted [at the PCRA hearing] that he "discussed all possible defenses with his attorney" and was satisfied with [trial] counsel's advice.

The court finds the testimony of [Appellant] was self-serving and less than credible when he testified trial counsel did not adequately or correctly advise him on the issue of self-defense. The court finds trial counsel competently advised [Appellant] regarding his ability to successfully argue a justification defense. Accordingly, [Appellant's] claim is meritless.

*Id.* at 7-8 (some formatting altered).

Based on our review of the record, we agree with the PCRA court's

conclusions, which are supported by the record and free from legal error.[4]

_____

[4] Appellant also argued that the PCRA court erred by adopting the Commonwealth's findings of fact, and we conclude that this claim is meritless. In **R. Williams**, our Supreme Court expressly disapproved of a PCRA court's "wholesale adoption . . . of an advocate's brief." **R. Williams**, 732 A.2d at 1176; **see also Commonwealth v. Glover**, 738 A.2d 460, 466 (Pa. Super. 1999) (explaining that when a PCRA court adopts the reasoning of a **Turner**/**Finley** letter, "the certified record fails to demonstrate that the PCRA court has conducted a meaningful independent review of the issues" (citation
*(Footnote Continued Next Page)*

- 10 -

*See Sandusky*, 203 A.3d at 1043. As noted previously, the PCRA court's credibility determinations are binding on this Court. *See id.*; *see also Davis*, 262 A.3d at 595. Therefore, because the PCRA court found trial counsel credible and Appellant not credible, Appellant has failed to demonstrate that trial counsel provided Appellant erroneous advice about self-defense. For these reasons, his ineffectiveness claim lacks arguable merit and Appellant is not entitled to relief on this claim. *See Rathfon*, 899 A.2d at 369; *see also Sandusky*, 203 A.3d at 1044. For these same reasons, we agree with Current Counsel's conclusion that Appellant's claims are meritless. *See Muzzy*, 141 A.3d at 510-11. Additionally, our independent review of the record has not revealed any other issues of merit. *See id.* Therefore, we affirm the PCRA court's order and grant Current Counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted. Jurisdiction relinquished.

_____

omitted)). Here, the PCRA court's findings of fact closely match the Commonwealth's proposed findings of fact. *Compare* PCRA Ct. Order, 4/10/23, at 1-4 *with* Commonwealth's Proposed Findings of Facts and Conclusion of Law, 1/23/23, at 3-4. However, the PCRA court also made its own credibility determinations and independent legal conclusions. *See* PCRA Ct. Order, 4/10/23, at 4-8. Therefore, the record demonstrates that the PCRA court conducted an independent review of the evidence and legal issues, and Appellant is not entitled to relief on this claim. *See generally Sandusky*, 203 A.3d at 1043; *cf. R. Williams*, 732 A.2d at 1176; *and Glover*, 738 A.2d at 466.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:   7/17/2024