J-S18035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROCKY ANTILL | : | |
| | : | |
| Appellant | : | No. 1368 WDA 2024 |

Appeal from the PCRA Order Entered October 22, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008977-2016

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED: August 15, 2025**

Appellant, Rocky William Antill, appeals from the order entered in the Court of Common Pleas of Allegheny County on October 22, 2024, denying his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After a careful review, we affirm.

The relevant facts and procedural history are as follows: In July 2017, a jury convicted Appellant of rape of a child and related offenses that Appellant had committed against his minor stepdaughter.[1] Appellant was represented

---

[*] Former Justice specially assigned to the Superior Court.
[1] Rape of a child, 18 Pa.C.S.A. § 3121(c); rape—forcible compulsion, 18 Pa.C.S.A. § 3121(a)(1); involuntary deviate sexual intercourse (IDSI)—person less than 13 years of age, 18 Pa.S.C.A. § 3126(a)(7); IDSI—child, 18 Pa.C.S.A. § 3123(b); IDSI—person less than 16 years of age, 18 Pa.C.S.A. § 3123(a)(7); aggravated indecent assault of child, 18 Pa.C.S.A. § 3125(b); and indecent assault—person less than 16 years of age, 18 Pa.C.S.A. § 3126(a)(8).

by counsel, Art Ettinger, Esquire. The trial court sentenced him to 200 to 450 months in prison, followed by ten years of probation. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on February 12, 2020. *See Commonwealth v. Antill*, 220 A.3d 640 (Pa. Super. 2019) (unpublished memorandum), appeal denied, 224 A.3d 1267 (Pa. 2020).

On January 10, 2021[2], Appellant filed a timely *pro se* PCRA petition, his first. The PCRA court appointed counsel, Robert S. Carey, Esquire, who filed a motion to withdraw and a *Turner/Finley*[3] no-merit letter. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, and ultimately entered an order granting counsel's motion to withdraw and dismissing the petition. Appellant filed a timely *pro se* notice of appeal.

On appeal with this Court, we determined that counsel's *Turner/Finley* letter was deficient because it failed to discuss each issue that Appellant wished to have raised. Consequently, we vacated the PCRA court's order granting the motion to withdraw and dismissing Appellant's PCRA petition, and remanded the matter with instructions. Appellant's counsel was directed to either file an amended PCRA petition, or to comply with the dictates of *Turner/Finley* if seeking withdrawal upon remand. *See Commonwealth v.*

---

[2] Seemingly docketed June 1, 2021.
[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

*Antill*, 545 WDA 2021, 2021 Pa. Super. Unpub. LEXIS 3091 (Pa. Super. 2021) (unpublished memorandum).

Upon remand, the PCRA court appointed replacement counsel, Suzanne M. Swan, Esquire, who filed multiple requests for extensions before filing a motion to withdraw and a *Turner/Finley* no-merit letter on March 27, 2023. On April 4, 2023, the PCRA court issued a Rule 907 notice to which no response by Appellant was received. On May 10, 2023, the PCRA court entered an order dismissing Appellant's *pro se* PCRA petition.

On October 24, 2023, the trial court docketed Appellant's *pro se* "Motion for Leave to File an Amended PCRA Petition." This motion was dated June 29, 2023, stamped as "received" on July 14, 2023, but for whatever reason was not docketed until October 23, 2023. On October 27, 2023, the PCRA court entered an order denying the motion as untimely. On November 28, 2023, Appellant filed a "Motion to Rescind Order Dismissing PCRA and Allow Response to 907 Notice *Nunc Pro Tunc*" alleging that he did not receive a copy of either the April 4, 2023 Rule 907 notice of intent to dismiss or the May 10, 2023 dismissal order. The following day, on November 29, 2023, Appellant filed a facially untimely, *pro se* notice of appeal from the order dismissing his petition.

The trial court filed a Rule 1925(a) opinion in which it requested that this Court remand the record for its consideration of Appellant's motion in the interest of justice. On September 13, 2024, this Court quashed the appeal as

premature because the docket indicated that neither the April 4, 2023 notice of intent to dismiss nor the May 10, 2023 dismissal order were served on Appellant. We determined that because the purported final, appealable order was not appropriately entered on the docket, we were constrained to quash the appeal. We instructed the clerk of courts to serve Appellant with the Rule 907 notice and gave Appellant twenty days to file a response to the notice. *Commonwealth v. Antill*, 328 A.3d 499 (Pa. Super. 2024) (unpublished memorandum).

In accordance with the instructions from this Court, the trial court issued a Rule 907 notice of intent to dismiss on September 24, 2024, with which Appellant was properly served. On October 11, 2024, Appellant filed a timely *pro se* response to the notice. On October 21, 2024, the trial court entered a final order dismissing Appellant's PCRA petition without a hearing. Appellant filed a timely notice of appeal on November 6, 2024, and a Rule 1925(b) concise statement on November 25, 2024. The trial court filed another Rule 1925(a) opinion on February 5, 2025. This appeal followed.

On appeal, Appellant raises these four issues for our review, verbatim:

1. Did the PCRA Court err in granting Attorney Suzanne Swan's Motion to Withdraw as Counsel where her motion did not comport with the dictates of *Commonwealth v. Turner*, 544 A2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A2d 213 (Pa. Super. 1988) and where she failed to evaluate the case with the required level of zealousness prior to seeking withdrawal?

2. Did the PCRA Court err in dismissing without an evidentiary hearing Petitioner's claim that ADA Gleixner had violated his duty to produce evidence favorable to the accused where he failed to

- 4 -

divulge the contents of his conversations with Michelle Yeager Antill?

3. Did the PCRA Court err in dismissing without an evidentiary hearing Petitioner's claim that trial counsel was ineffective for failing to impeach the Commonwealth's expert witness?

4. Did the PCRA Court err in dismissing without an evidentiary hearing Petitioner's claim that trial counsel was ineffective for failing to produce evidence of financial motive to fabricate abuse?

Appellant's Br. at 7.

Prior to reviewing the merits of this appeal, we first decide whether counsel has fulfilled the procedural requirements for withdrawing as counsel. **Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012). As we have explained:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under **Turner, supra** and **Finley, supra** and must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> * * *

> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner/Finley**, the court— trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Id*.

Here, we find all of the above-mentioned procedural requirements have been satisfied. Attorney Swan filed a no-merit letter and petition to withdraw as counsel with the trial court. Attached to her motion and brief was a no-merit letter that she sent to Appellant advising him of his rights. **See** Motion to Withdraw, 3/27/23, at 2; No-Merit Letter, 3/27/23 at 1. Attorney Swan raised four issues that Appellant sought to have raised: an after-discovered evidence claim, a **Brady**[4] violation claim, and two ineffective assistance of counsel claims; one regarding the Commonwealth's expert witness and one regarding the failure of trial counsel to present evidence of a financial motive to fabricate claims against him. **See** No-Merit Letter, 3/27/23, at 13-14. **These are the same four claims that Appellant identified in his *pro se* PCRA petition. See** *Pro Se* PCRA Petition, 1/10/21, at 4-20 (unpaginated). Attorney Swan diligently reviewed and thoroughly discussed the merits of each issue. **See id.** at 15-25. Accordingly, we find that the trial court did not err in granting Attorney Swan's motion to withdraw.

In reviewing the denial of a PCRA petition, our standard of review is well-established:

> [o]ur review of the grant or denial of PCRA relief is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. **Commonwealth v. Cox**, 636 Pa. 603, 146 A.3d 221, 226 n.9 (2016). The PCRA court's credibility determinations, when

---

[4] **Brady v. Maryland**, 383 U.S. 83 (1963).

supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions. ***Commonwealth v. Burton***, 638 Pa. 687, 158 A.3d 618, 627 n.13 (2017).

***Commonwealth v. Small***, 189 A.3d 961, 971 (Pa. 2018).

Appellant's first argument is that Attorney Swan failed to comply with ***Turner/Finley*** because she failed to raise a certain claim that he wished to raise. Specifically, Appellant claims that days before the rape allegations were made against him by the victim, the victim's mother, Appellant's wife, found out that he was initiating divorce proceedings against her. Trial counsel did not present this information at trial. In Appellant's "Motion for Leave to File an Amended PCRA Petition," and in his instant appellate brief, he claims that trial counsel was ineffective for failing to present this information as evidence of a motive to fabricate claims of sexual abuse against him. Appellant's Br. at 21. In turn, Appellant claims that Attorney Swan was ineffective for failing to investigate, raise, and address the same.

Appellant presents a "layered" ineffectiveness claim with respect to PCRA Counsel. "[I]n order for a petitioner to properly raise and prevail on a layered ineffectiveness claim, sufficient to warrant relief if meritorious, he must plead, present and prove" the ineffectiveness of appellate/PCRA counsel, which necessarily reaches back to the actions of trial counsel. ***Commonwealth v. McGill***, 832 A.2d 1014, 1022 (Pa. 2003). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render

ineffective assistance of counsel." **Commonwealth v. Burkett**, 5 A.3d 1260, 1270 (Pa. Super. 2010). "If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." **Id**. Here, however, we need not determine the underlying question of trial counsel's effectiveness because we find that Attorney Swan's failure to raise this issue was because Appellant never identified this issue to her.

Attorney Swan filed her petition to withdraw and sent Appellant her no-merit letter in March 2023. In late June or early July 2023, Appellant averred the following:

> Petitioner has made several unsuccessful attempts, both by telephone and post, to contact Attorney Swan so as to advise her of this claim and allow for her evaluation thereof. At present, Attorney Swan has neither contacted nor replied by post to the petitioner's attempted contacts.

Appellant's Motion for Leave to File Amended PCRA Petition, dated 6/29/23, rec'd. 7/14/23, filed 10/23/23, at ¶ 11.

Two important facts stand out. First, Appellant offers no proof that he attempted to contact Attorney Swan by post or by phone to advise her of this issue, nor does he even claim that any of his alleged attempts to advise her of this issue were made prior to her filing her petition to withdraw and no-merit letter. Mere allegations that Appellant contacted Attorney Swan do not suffice as proof that he did indeed contact her and identify this claim. **See Commonwealth v. Harmon**, 738 A.2d 1023, 1024 (Pa. Super. 1999) (a PCRA petitioner's "[m]ere allegations" that petitioner asked counsel to file an

appeal "will not suffice" to satisfy petitioner's burden of proving the claim). Second, Appellant admits that his attempts to make Attorney Swan aware of this issue were unsuccessful, *i.e.*, that Attorney Swan never actually became aware that Appellant wished to raise this issue. We will not hold counsel responsible for failing to raise a claim which was not identified to her. **See Commonwealth v. Robinson**, 877 A.2d 433, 442 (Pa. 2005) (stating, "Appellant never asked counsel for guidance during opening statements. He cannot now claim he was ineffective or that standby counsel was ineffective because he never sought her guidance.").

Accordingly, we find that Attorney Swan complied with the dictates of **Turner/Finley** when she evaluated with zeal each claim of arguable merit that Appellant had identified in his *pro se* petition. **See Commonwealth v. Glover**, 738 A.2d 460, 465-66 (Pa. Super. 1999) (holding that for PCRA counsel's no-merit letter to comply with **Finley**, counsel must address *all* issues identified in the appellant's *pro se* petition.); **See** No-Merit Letter, 3/27/23, at 13-14; *Pro Se* PCRA Petition, 1/10/21, at 4-20 (unpaginated). Thus, the trial court did not err in granting her petition to withdraw.

Appellant's second issue is that the PCRA Court erred in dismissing his petition when the Commonwealth committed a **Brady** violation. Specifically, Appellant claims that ADA Gleixner violated his duty to produce evidence favorable to the accused where he failed to divulge the contents of his

conversations with Michelle Yeager Antill, Appellant's wife and the mother of the victim.

Appellant claims that sometime between January and March of 2018, approximately six months after the trial, he had a conversation with Mrs. Antill on a recorded prison phone line wherein she admitted to Appellant that immediately prior to the trial, she had advised ADA Gleixner that the allegations she and the victim made against Appellant were fictitious and fabricated. Appellant's Br. at 26-27. She allegedly stated to Appellant during this phone conversation that ADA Gleixner's response to her admission was that she and her daughter would be subject to criminal prosecution if they did in fact fabricate fake allegations against Appellant. Appellant claims that the Commonwealth withheld this information and thus committed a **Brady** violation. **Id**.

The trial court interpreted Appellant's claim as complaining that the Commonwealth did not disclose the recorded prison phone conversation between himself and Mrs. Antill. The court concluded that since Appellant was a participant of the phone conversation, he would have been aware of the contents of the alleged call, and thus the Commonwealth had no duty under **Brady** to disclose it. Tr. Ct. Op. at 8. Appellant avers that the trial court misapprehended its **Brady** claim; the **Brady** material was not the content of Appellant's phone conversation with Mrs. Antill, but instead the content of ADA

- 10 -

Gleixner's conversation with Mrs. Antill, *i.e.*, her pre-trial confession to ADA Gleixner that the accusations were fictitious. Appellant's Br. at 27-30.

In order for a defendant to establish the existence of a ***Brady*** violation, he must establish that there has been a suppression by the prosecution of either exculpatory or impeachment evidence that was favorable to the accused, and that the omission of such evidence prejudiced the defendant. ***See Commonwealth v. Morris***, 822 A.2d 684, 696 (Pa. 2003); ***Commonwealth v. Paddy***, 800 A.2d 294, 305 (Pa. 2002). ***Brady*** claims must generally be raised at the first opportunity to do so:

> Significantly, ***Brady*** claims are subject to waiver. ***Commonwealth v. Hannibal***, 638 Pa. 336, 156 A.3d 197, 209-10 (Pa. 2016) (failure to raise ***Brady*** claim at trial or on direct appeal resulted in waiver); ***Commonwealth v. Roney***, 622 Pa. 1, 79 A.3d 595, 609 (Pa. 2013) (***Brady*** issues which could have been raised at trial and/or on direct appeal but were not, were waived for collateral review).

***Commonwealth v. Holt***, 273 A.3d 514, 534 (Pa. 2022).

A ***Brady*** claim not previously raised is cognizable on collateral appeal under the PCRA when couched in terms of ineffective assistance of counsel for failure to raise the ***Brady*** violation. ***Commonwealth v. Simpson***, 66 A.3d 253, 264 (Pa. 2013) ("A ***Brady*** claim is cognizable on collateral appeal under the PCRA.") (citation omitted)); ***Commonwealth ex rel. Dadario v. Goldberg***, 773 A.2d 126 (Pa. 2001) (holding ineffective assistance of counsel claim cognizable under PCRA). A ***Brady*** claim is also a basis for collateral relief when couched in terms of after-discovered evidence as delineated in 42

Pa.C.S.A. § 9543(a)(2). However, "after-discovered evidence ***discovered during the direct appeal process must be raised promptly during the direct appeal process***, . . . and after-discovered evidence discovered after completion of the direct appeal process should be raised in the context of the PCRA." Pa.R.Crim.P. 720(C) cmt. (emphasis added). Accordingly, to determine if Appellant's ***Brady*** claim is cognizable in this collateral appeal under the PCRA, we must look to the time Appellant discovered the alleged ***Brady*** violation and determine whether it was during the direct appeal process, or after the completion of the direct appeal process.

Here, Appellant should have raised this claim in his direct appeal, not on collateral appeal.[5] The docket for Appellant's direct appeal reflects that Appellant filed his notice of appeal on February 2, 2018, and his Rule 1925(b) concise statement on March 12, 2018. It was not until September 27, 2018, that Appellant filed his brief on direct appeal. Finally, this Court decided Appellant's direct appeal on July 9, 2019. In Appellant's instant appellate brief, he indicates that he learned of the alleged ***Brady*** material during a telephone conversation with Mrs. Antill which he says took place between January 8, 2018, and March 18, 2018. Appellant's Br. at 26-27. Thus, it was well prior to

---

[5] We note that Appellant does not raise this ***Brady*** claim in the context of ineffective assistance of counsel. We also note that while Appellant raised the ***Brady*** violation as an after-discovered evidence claim in his Rule 1925(b) concise statement of errors complained of on appeal, he abandons that analysis in his instant brief and argues only that a substantive ***Brady*** violation occured.

the completion of the direct appeal process that Appellant discovered the after-discovered evidence of a **Brady** violation. Accordingly, he had an obligation to promptly raise this issue during the direct appeal process or in his appellate brief on direct appeal, but he failed to do so. **See** Pa.R.Crim.P. 720(C) cmt. Instead, Appellant improperly waited for the completion of the direct appeal process and raised this issue in the context of the PCRA. Accordingly, we find that Appellant has waived this claim.

Appellant's third and fourth issues challenge his trial counsel's effectiveness. Generally, an accused asserting that he has been denied his constitutional right to effective assistance of counsel must demonstrate that counsel engaged in errors which caused him prejudice, *i.e.*, that "there is a reasonable probability that, but for counsel's . . . errors, the result of the proceeding would have been different." **Strickland v. Washington**, 466 U.S. 668, 694 (1984). In Pennsylvania, the **Strickland** standard has been articulated as a three-part test, requiring an accused to show that (1) his underlying claim is of arguable merit; (2) counsel's action or inaction lacked a reasonable strategic basis; and (3) but for counsel's conduct, there is a reasonable probability that the outcome of the proceedings would have been different. **See Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987).

Appellant claims that the PCRA court erred in denying his claim that trial counsel was ineffective for failing to impeach the Commonwealth's expert witness. Specifically, Appellant claims that his trial counsel was not adequately

prepared to cross-examine the Commonwealth's medical witness, Dr. Karen Morris, and therefore negligently failed to clarify misrepresentations and inaccuracies from the expert's testimony for the jury. Appellant's Br. at 39.

We have previously determined that counsel cannot be deemed ineffective for failing to impeach a witness in a particular way, where counsel has impeached the witness by other means. *See Commonwealth v. Solano*, 129 A.3d 1156, 1175 (Pa. 2015) (trial counsel did not provide ineffective assistance by failing to impeach witnesses with evidence of certain prior convictions where counsel attempted to impeach witnesses by other means on cross-examination and the Commonwealth had already brought to the jury's attention that those witnesses had criminal histories); *see also Commonwealth v. Dennis*, 715 A.2d 404, 408-409 (Pa. 1998) (holding counsel not ineffective for failing to impeach witness in one particular way, where counsel impeached witness in other ways).

Here, a review of the transcript shows that Appellant's trial counsel cross-examined Dr. Morris as to her findings. N.T., 7/7/17, at 32-46. Specifically, Appellant's trial counsel cross-examined Dr. Morris regarding what information she received from the victim, what observations she made during the victim's exam, and what studies she considered instructive. *Id*. Appellant asserts that the theory advanced by the defense was that the absence of physical evidence of rape should be taken to indicate the absence of rape. Appellant's Br. at 40. Relevant to the defense theory, trial counsel

asked Dr. Morris to confirm that she saw no physical signs of trauma or injury to the victim, and that the physical exam did not support a finding of sexual abuse. *Id.* at 43. Thus, the record belies Appellant's assertion that trial counsel failed to correct or clarify Dr. Morris' testimony. Appellant's Br. at 40. We will not find that counsel's actions lacked a reasonable strategic basis when the content and manner of his cross-examination of the Commonwealth's expert witness was designed to further the defense theory and effectuate Appellant's interests. Accordingly, because we find that counsel had an objective, reasonable basis for the strategy employed during the cross-examination of Dr. Morris, this claim fails.

Finally, Appellant claims that trial counsel was ineffective for failing to produce evidence of a financial motive for the victim to fabricate her allegations of sexual abuse. Specifically, Appellant alleges that in the days following his arrest, the victim's mother and aunt depleted his bank account and sold his sports memorabilia for a financial gain of approximately $12,000. Appellant's Br. at 42-44. Appellant made counsel aware of this alleged financial activity, but evidence of it was not presented at trial. *Id*. The victim's former friend, a witness for the defense, testified that the victim admitted to him that she was forced to lie so her mother could sell Appellant's expensive belongings. N.T, 7/7/17, at 133-34. The victim, on the other hand, testified that because Appellant was "the only person who brought any money into the

house," she was scared to report the abuse and jeopardize her family's financial situation. N.T., 7/6/17, at 101.

The PCRA court found that Appellant's trial counsel had a reasonable strategic basis for not introducing evidence of the misappropriation of Appellant's assets.

> After testifying at length to the repeated sexual abuse she suffered at the hands of Appellant, [the victim] indicated that she kept silent about the abuse for so long because Appellant was the only source of income for the household, and she was worried about what would happen to their family if she reported the abuse. The issue of financial motivation for the allegations was before the jury and, if admissible, evidence of withdrawals from Appellant's bank account could have been viewed as corroborating the victim's testimony rather than the defense. Furthermore, any attempt by trial counsel to introduce further evidence that disclosure would lead to a financial wind fall would be contradicted by [the victim]'s testimony that she feared the financial consequences of disclosure to the extent that she endured ongoing sexual abuse instead. Since counsel would have had a reasonable strategic basis for not introducing account withdrawals as evidence of a financial motive to allege abuse, the second prong of the ineffectiveness test has not been satisfied. Additionally, the third prong has not been satisfied, in that Appellant's proposed evidence would have been weighed against the strong and compelling testimony of [the victim], making it highly unlikely that proposed evidence would have any impact on the result. As such, Appellant's first claim is without merit.

Tr. Ct. Op. at 6 (citations to the record omitted).

Our review reveals that the PCRA court's findings of fact are supported by the record, and we discern no legal error. In determining whether counsel had a reasonable basis for his action or inaction, "[t]he test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record," *Commonwealth v. Hawkins*, 894 A.2d 716, 730 (Pa. 2006),

"but whether no competent counsel would have chosen that particular course of action, or the alternative not selected offered a greater chance of success." *Commonwealth v. Colavita*, 993 A.2d 874 (Pa. 2010). This test is an objective one, and counsel is effective if his decision had any reasonable basis. *Hawkins, supra*.

The court below, employing an objective standard, identified a reasonable basis as to why competent counsel would have chosen not to present evidence of the alleged misappropriated funds. Here, the credibility of the victim's testimony that she was scared to report the abuse when Appellant was the only member of the household with significant income could have been bolstered by evidence that Appellant owned at least $5,000 in sports memorabilia and had over $7,000 in one bank account. Accordingly, Appellant's claim fails.

It is well settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Hanible*, 30 A.3d 426, 452 (Pa. 2011).

Following our review of the record, we agree with the PCRA court's conclusion that an evidentiary hearing was unwarranted because Appellant's claims are meritless. Further, Appellant has failed to preserve and present any genuine issue of material fact that would entitle him to a hearing. Therefore, no relief is due.

Order Affirmed.

Judge Dubow joins this memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

8/15/2025